Ida Mae (Berrier) Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Michael Kaliner*, with him *Diane Upson*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 6, 1979:

On November 29, 1976, the Bureau of Employment Security referred Ida Mae (Berrier) Taylor (claimant) to a prospective employer for a job interview. When the claimant failed to report for the interview, the Bureau denied her further unemployment compensation benefits pursuant to Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a). Claimant appealed this action and, at a hearing before a referee, testified that she refused the job referral because the pay was too low and because she did not wish to work nights in view of possible domestic problems. The referee held the claimant had refused suitable work without good cause in violation of Section 402(a), and he therefore affirmed the denial of benefits.

The Unemployment Compensation Board of Review (Board) subsequently ordered another hearing.

At the second hearing, claimant testified that she had been advised by her physician not to accept night work. To support this contention, claimant introduced a handwritten statement from a physician who felt that night work should "agrivate" claimant's mental depression. The Board expressly found that this evidence lacked credibility and found that claimant had refused the job referral because of the low pay and a desire not to work at night. It therefore affirmed the referee's earlier denial of benefits.

The claimant does not argue that the pay was sufficiently low to justify her action nor that a desire to avoid night work constitutes good cause for refusing a referral. Her sole argument is that the Board was required to accept the evidence at the second hearing as true and find that she refused the job referral for health reasons on the advice of her physician. The argument has no merit. It is well established that the Board may disregard even uncontradicted testimony unless it does so capriciously. *See, e.g., Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). The claimant's testimony at the second hearing that she quit for health reasons is contradicted by her testimony at the first hearing, and the physician's brief statement, apart from being hearsay, was dated seven months after the date in question. Under these circumstances, we do not believe the Board capriciously disregarded the evidence at the second hearing and we must therefore affirm the denial of benefits.

### ORDER

AND Now, this 6th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated August 30, 1977, is hereby affirmed.