Larry W. GEORGE, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 29, 2000.

Decided Jan. 24, 2001.

Stephen D. Kulla, Waynesboro, for petitioner.

Randall S. Brandes, Harrisburg, for respondent.

Before COLINS, Judge, PELLEGRINI, Judge and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Larry W. George (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) that reversed the decision of the Unemployment Compensation Referee (Referee) and denied him benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Defense Logistic Agency (Employer) as a material identifier examiner at the New Cumberland Army Depot when Employer scheduled a reduction-in-force to be effective September 3, 2000. As part of its reduction-in-force efforts, Employer offered voluntary separation or early retirement incentives between November 1999 and February 15, 2000. Claimant accepted early retirement and his last day of work was March 3, 2000. Following termination of his employment, Claimant's claim for unemployment compensation benefits was denied by the Job Center.

In his appeal from the denial of benefits, Claimant testified before the Referee concerning his decision to accept early retirement. Claimant indicated that Employer advised its employees of a reduction-in-force effective September 3, 2000, that would effect approximately 500 jobs. Em-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

ployer verbally indicated it would be categorizing employees for a re-organization and that criteria such as seniority did not matter as to who would be affected by the reduction-in-force. In fact, the employees did not know whose job would be affected. Claimant testified that after notice of the reduction-in-force, in November 1999, Employer offered a VSIP/VERA[2] separation and retirement incentive package that ended February 15, 2000. The Employer offered early retirement that would allow Claimant to collect a pension which he would otherwise not be entitled to for another twelve years when he reached age 62. In addition, there was a $25,000.00 bonus offered for accepting the incentive package.

Claimant stated that he definitely felt that he was going to be affected by the reduction-in-force because of his placement in the organizational structure. He noted that more than half of the employees at Employer had more seniority than his nine years with Employer. He further recalled a prior reduction-in-force in which his position was eliminated despite his belief that there was no one else who could perform his job.[3] In addition, he testified that after his acceptance of the early retirement incentive, a mock reduction-in-force was performed and employees with as much as twenty years seniority were affected. Claimant indicated that he could not have waited until after the mock reduction-in-force because it occurred after

the closing date of the VSIP/VERA program, and he did not know if there would be another offer before the September 3, 2000 effective date. His decision to accept early retirement was irrevocable.

Employer did not appear or present evidence at the hearing. Based on Claimant's testimony, the Referee granted benefits finding that Claimant established a necessitous and compelling reason to accept the early retirement package. On May 12, 2000, the last day to appeal the Referee's decision, Employer faxed a Petition for Appeal to the Job Center, and the original form was received at the Job Center on May 15, 2000. Claimant requested the Board dismiss Employer's appeal as untimely. The Board denied the motion and reversed the Referee finding that Claimant only speculated as to the possible effects of the reduction-in-force on his job, and, therefore, did not have a necessitous and compelling reason to accept early retirement. The Board denied benefits pursuant to Section 402(b) of the Law, and Claimant filed this appeal.[4]

Claimant argues first that the Board erred in failing to dismiss Employer's appeal as untimely. He contends that under Section 501(e) of the Law, an appeal from the Referee's decision must be either hand delivered to the job center or bear a postmark that is within 15 days of the date the decision was mailed by the Department of Labor & Industry (Department) to the party taking the appeal.[5]

---

**2.** VSIP/VERA is an acronym for "Voluntary Separation Incentive Pay" and "Voluntary Early Retirement Authority."

**3.** The position was recreated six-months later after restructuring.

**4.** Where the claimant, as the burdened party, is the only party to present evidence and does not prevail before the Board, our scope of review is to determine whether an error of law was committed or whether the Board capriciously disregarded the evidence. *Eby v. Unemployment Compensation Board of Review,* 157 Pa.Cmwlth. 10, 629 A.2d 176 (1993).

**5.** The Board argues that Claimant waived this argument because Section 502 of the Law is the applicable section for the timeliness of appeals to the Board, not Section 501(e), and Claimant only raised Section 501(e) before the Board and in its Petition for Review to this Court. We note, however, that both 501(e) and 502 refer to the time constraints of filing an appeal from a decision of the Department and further note that in both the Motion to Dismiss to the Board and in his Petition for Review, Claimant clearly sets forth his argument that the appeal was untimely because it was faxed, not hand delivered or post-marked before the fifteen day appeal period expired. This issue is reasonably comprised in the general assertion in the Petition for Review that

■ While Section 501(e) does require hand delivery or mailing,[6] contrary to Claimant's contention, this is a requirement on the Department for service of a decision to the parties—it does not pertain to the manner of filing an appeal therefrom. How an appeal is to be filed with the Board is set forth in the Department regulations at 34 Pa.Code § 101.82, which requires that an appeal be "delivered or mailed to a representative of the Department or Board, within the prescribed 15 day appeal period...." If mailed, the appeal is filed as of the date of the official U.S. postmark, 34 Pa.Code § 101.82(d); however, there are no further limitations or restrictions on the means of "delivery" of the appeal.

Unless inconsistent with the Law or regulations, we must give deference to the Board's interpretation that "delivery" of an appeal may be through facsimile transmis-

sions. *Edwards v. Unemployment Compensation Board of Review*, 162 Pa. Cmwlth. 698, 639 A.2d 1279 (1994); *East Allegheny School District v. Secretary of Education*, 145 Pa.Cmwlth. 477, 603 A.2d 713 (1992). The Law only requires the filing of an appeal. *See* 43 P.S. §§ 821(e) and 822. To initiate a timely filing of an appeal to the Board, the regulations require, at a minimum, delivery of written notice containing certain information about the case which can reasonably be construed as a request to appeal. 34 Pa.Code § 101.82(c).[7]

■ The regulations thus only require the delivery of certain information and adequate notice within the time constraints; not necessarily the original prescribed form. As noted by the Board, Black's Law Dictionary defines "delivery" as "the act by which the res or substance thereof is

---

the appeal was untimely, Pa. R.A.P. 1513; *see also Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991), and, therefore, the Board's argument that this issue is waived is without merit.

6. Section 501(e) regarding the determination of compensation appeals provides:

Unless the claimant or last employer ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department... within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e). The Board contends that Section 502 is the applicable section for appeals to the Board. That section provides in relevant part:

The parties and the department shall be duly notified of the referee's decisions, and the reasons therefore, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee.

43 P.S. § 822.

7. 34 Pa.Code § 101.82(c) provides:

Use of the prescribed appeal form is not mandatory to initiate an appeal. The following procedure may be followed:

(1) A written notice specifically advising that the interested party thereby files an appeal or requests a review of decision, delivered or mailed to a representative of the Department or Board, within the prescribed 15 day appeal period, shall constitute an appeal from the decision of the Department and will be processed accordingly without requiring the appellant to complete the appeal form.

(2) A written notice that may reasonably be construed as a request for an appeal, delivered or mailed to a representative of the Department or Board, within the prescribed 15-day appeal period, advising that the interested party is aggrieved and apparently desires a review of the decision, shall be deemed to initiate an appeal and shall constitute an appeal from the decision of the Department, if the appellant subsequently perfects the appeal by filing a completed appeal form within a reasonable time after instructions for filing the appeal form have been delivered or mailed to him at his last known post office address. (In order to expedite the disposition of claims, the interested party will be requested to return the completed appeal form within 15 days after instructions for filing the appeal form have been delivered or mailed to him.)

placed within the actual or constructive possession or control of another." *Black's Law Dictionary*, 428 (6th ed.1990). Because a facsimile transmission provides the transfer of the necessary information and substance of the written notice, the Department's interpretation of delivery to include faxes is reasonable, and the filing of an appeal by fax is consistent with the Law and regulations.

 We note, however, that it is apparent from the regulations that for an appeal to be filed by delivery, it must be received by a representative of the Department or Board. 34 Pa.Code § 101.82. Accordingly, where the appeal is transmitted by fax, the date of filing is the date that it is acknowledged as received by a representative of the Department or Board not the date of the fax.[8] Here, the Employer's Petition for Appeal to the Board indicated that a representative of the Job Center received it on May 12, 2000, the last day for filing the appeal. Accordingly, the Employer's appeal from the Referee's decision was timely, and the Board did not err in denying Claimant's motion to dismiss.

 Claimant also argues that if it was a timely appeal, the Board erred in denying benefits pursuant to Section 402(b) because he had a necessitous and compelling reason to accept early retirement.[9] Section 402 of the Law provides, in relevant part, that an employee shall be ineligible for compensation during any week:

> In which his unemployment is due to voluntary leaving work without cause of a necessitous and compelling nature.... Provided ... That no otherwise eligible claimant shall be denied benefits for any week in which his unemployment is due to exercising the option of accepting a layoff, from an available position pursuant to a labor-management contract agreement, or pursuant to an established employer plan, program or policy....

43 P.S. § 802(b).[10] Whether a claimant had a necessitous and compelling reason to terminate employment is a question of law which exists where the circumstances producing the pressure to terminate employment are both real and substantial and would compel a reasonable person under those circumstances to act in the same manner. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). In determining whether acceptance of a voluntary severance or retirement incentive vis-a-vis an impending reduction-in-force is necessary or compelling, we have stated that:

> The relevant inquiry is whether surrounding circumstances at the time an employee voluntarily leaves indicate a likelihood that fears about his or her job security will otherwise materialize, that serious impending threats to the employee's job will be realized and that the

---

8. We recognize that the date and time stamp placed on the facsimile transmission by the sending machine is as inherently unreliable as a private postmark which has been consistently rejected as establishing a date of mailing. *See Lin v. Unemployment Compensation Board of Review*, 558 Pa. 94, 735 A.2d 697 (1999).

9. The Board's contention that this issue is also waived by Claimant's reference to Section 401(d)(2) in his Petition for Review and brief, which it argues is inapplicable to the denial of benefits under Section 402(b), is without merit. While referencing Section 402(d)(2) in a separate paragraph, Claimant's Petition for Review also provides that Claim-

ant "accepted entry into the voluntary separation incentive program and resigned his employment on March 3, 2000, due to a legitimate belief that his job was to be eliminated." (Petition for Preview, ¶ 10). Further Claimant's brief to this Court sets forth the relevant portions of Section 402(b) supporting this argument.

10. Although cited by Claimant, we note that the proviso in Section 402(b) regarding acceptance of voluntary layoff does not apply to situations involving acceptance of severance or retirement incentives. *Flannery v. Unemployment Compensation Board of Review*, 125 Pa.Cmwlth. 64, 557 A.2d 52 (1989).

employee's belief that his job is imminently threatened is well founded.

*Staub v. Unemployment Compensation Board of Review,* 673 A.2d 434 (Pa. Cmwlth.1996). "[U]ncertainty and speculation about the future existence of a job does not create necessitous and compelling cause." *PECO Energy Company v. Unemployment Compensation Board of Review,* 682 A.2d 40 (Pa.Cmwlth.1996) (*quoting Department of the Navy v. Unemployment Compensation Board of Review,* 168 Pa.Cmwlth. 356, 650 A.2d 1138 (1994)). These cases are fact specific, and the decision to accept voluntary termination of employment must be scrutinized under the circumstances as they existed at the time of the employee's decision. *Teeters v. Unemployment Compensation Board of Review,* 719 A.2d 380 (Pa. Cmwlth.1998); *Philadelphia Parking Authority v. Unemployment Compensation Board of Review,* 654 A.2d 280 (Pa. Cmwlth.1995).

Claimant relies on three cases where we have found necessitous and compelling reasons for accepting voluntary termination incentives to avoid a layoff or reduction-in-force. In *Eby,* we found that the employee was justified in accepting voluntary separation where his fear of job security was substantiated by the employer's letter that offered the separation incentive to those employees scheduled for termination. Likewise, in *Philadelphia Parking Authority,* the employer told the employee that he was on a list of persons who could be laid off and had previously laid off several people from that same list. In *Teeters,* a case involving a similar VSIP/VERA program and pending reduction-in-force, we found necessitous and compelling reasons where the employee was advised that her position might be eliminated because there were too many supervisors. In addition, her employer favored military veterans, and she was the only non-veteran supervisor and was second lowest in seniority. In noting the difficulty with these types of cases, we recognized our holding in *Staub* that "speculation pertaining to . . . future layoffs, however disconcerting, does not establish the requisite necessitous and compelling cause." *Staub,* 673 A.2d at 437.

 Here, the Board found that Claimant only speculated and had no real basis for his belief that he would be subject to the reduction-in-force. Claimant's concern that his job was in jeopardy because others had more seniority is unsubstantiated in light of his testimony that he was informed that seniority was not a factor to be considered in the reduction-in-force. Further, Claimant's concerns because of a prior unrelated reduction-in-force is irrelevant to the present circumstances. Because the Board's finding that Claimant only speculated that his job would be affected does not capriciously disregard his testimony, it is binding in this appeal. *See Taylor v. Unemployment Compensation Board of Review,* 40 Pa.Cmwlth. 303, 397 A.2d 451 (1979).

 Because the Board found that Claimant established only that he speculated a possibility that he could be laid off as a result of the reduction-in-force scheduled for September 3, 2000, he failed to establish necessitous and compelling reasons for accepting the early retirement incentive and voluntarily terminating his employment. *See Staub,* 673 A.2d at 438. Accordingly, the Board did not err in denying compensation in accordance with Section 402(b) of the Law, and the order of the Board is affirmed.