**MOUNTAIN HOME BEAGLE MEDIA, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 2008.

Decided Aug. 12, 2008.

Scott P. Sigman, Philadelphia, for petitioner.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Mountain Home Beagle Media (Employer) petitions for review from a determination of the Unemployment Compensation Board of Review (Board), which concluded that Employer failed to file a timely appeal to the Department of Labor and Industry (Department) in accordance with Section 501(e) of the Unemployment Compensation Law (Law) and dismissed Employer's appeal as untimely.[1] We affirm the Board.

The Board made the following findings of fact:

1. A Notice of Financial Determination (determination) was issued to the claimant on August 13, 2007, finding the claimant financially eligible for benefits.

2. A copy of this determination was mailed to the employer at its last known post office address on the same date.

3. The employer received the determination.

4. The notice informed the employer that August 28, 2007, was the last day on which to file an appeal from this determination.

5. The employer asserted that it faxed an appeal to the Department on August 27, 2007.

6. The Department first received the employer's appeal by fax on September 6, 2007.

7. The employer was not misinformed or misled by the unemployment

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides that

(e) Unless the claimant or last employer ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... within fifteen calendar days after such

notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

compensation authorities concerning its right or the necessity to appeal.

8. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.

Board's Decision, January 4, 2008, Findings of Fact (F.F.) Nos. 1–8 at 1. The Board determined that:

Section 501(e) of the Law provides that a determination shall become final and compensation shall be paid or denied in accordance therewith unless an appeal is filed within fifteen (15) days after the date of said determination. An appeal to the unemployment compensation authorities is timely if it is filed on or before the last day to appeal. In this case, the appeal was filed by fax on September 6, 2007, which was after the expiration of the statutory appeal period. The provisions of this Section of the Law are mandatory; the Board and its Referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The appeal regulations provide that a party choosing to appeal by fax accepts the risk that the appeal may not be properly filed due to delay or disruption of elec-

tronic signals. The Department received only one appeal in this matter— on September 6, 2007. Therefore, the Referee properly dismissed the employer's petition for appeal.

Board's Decision, at 2. The Board affirmed the Referee's decision, concluding that Employer's appeal of the Department's determination was properly dismissed pursuant to Section 501(e) of the Law. Employer now petitions our Court for review.[2]

■ Before our Court, Employer contends that the Board erred in dismissing its appeal as untimely, as Employer faxed a petition for appeal to the Department prior to the expiration of the statutory appeal period.[3] We disagree.

Pursuant to 34 Pa.Code § 101.82(a), "[a] party seeking to appeal a Department determination shall file an appeal ... on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address."

■ As here, "where the appeal is transmitted by fax, the date of filing is the date that it is acknowledged as received by a representative of the Department or Board not the date of the fax."[4] *George v.*

**2.** Where, as here, the burdened party was the only one to present evidence and that party did not prevail below, our scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law. *Blackwell v. Unemployment Compensation Board of Review,* 124 Pa.Cmwlth. 9, 555 A.2d 279 (1989).

**3.** We note that, although Employer's counsel failed to include an 'Argument' section in its brief, this Court nevertheless considered the merits of Employer's arguments, as taken from its 'Summary of Argument' section.

**4.** The procedure used to determine the filing date of a faxed appeal is as follows:

(A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.

(B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.

(C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department appeal office, the workforce investment office or the Board when it receives the appeal.

34 Pa.Code § 101.82(b)(3)(i).

*Unemployment Compensation Board of Review,* 767 A.2d 1124, 1128 (Pa.Cmwlth. 2001). Moreover, "[a] party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed." 34 Pa. Code § 101.82(b)(3)(ii). This Court has recognized that "the date and time stamp placed on the facsimile transmission by the sending machine is as inherently unreliable as a private postmark which has been consistently rejected as establishing a date of mailing." *George,* 767 A.2d at 1128, n. 8.

■ An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant. *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 383–85, 671 A.2d 1130, 1131 (1996).

Here, Employer contends that there was a breakdown in the appellate system, because Employer had allegedly faxed an appeal before August 28, 2007, the fifteen day deadline. Employer argues that on August 27, 2007, it faxed an appeal to the Department and offered a confirmation report printed from its own fax machine to evidence its contention that the Department received its appeal on this same date.[5] However, the Board found that the Petition for Review was not received until September 6, 2007, the date imprinted by its fax machine, causing it to be ten days late. The new cover sheet dated September 6, 2007, now referred to it as "Refaxed" to the Board. (See Reproduced

Record, Employer's Exhibit 2). Employer, as the party appealing, bears the risk of loss in transmission because it chose facsimile as the method of filing. 34 Pa. Code § 101.82(b)(3)(ii). The date and time stamp on the sender's confirmation sheet is simply not reliable to establish the date of filing by fax with the Unemployment Compensation Board of Review. *George,* 767 A.2d at 1128, n. 8. Employer is the one who chose to file by fax. There is no evidence of fraud, administrative breakdown or non-negligent conduct which would permit the appeal to be filed *nunc pro tunc.*

Moreover, as the imprinted date of receipt on the Department's fax machine indicates that the Department first received Employer's appeal on September 6, 2007, and such document is legible, such date is deemed the filing date of the appeal. 34 Pa.Code § 101.82(b)(3)(i). Employer assumed the risks inherent in filing an appeal via fax transmission. The Board properly dismissed Employer's appeal as untimely.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 12th day of August, 2008, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

**5.** Employer offered into evidence a facsimile confirmation sheet and a two page Petition For Review addressed to Scranton UC Service Center, as Exhibit 1, bearing a machine date stamped "08–27–07" and an apparent time of "12:42" which also states: "COMMENTS: Faxing Petition For Appeal dated August 27, 2007" and "TOTAL PAGES INCLUDING COVER SHEET—3—." See Reproduced Record, Employer's Exhibit 1.