IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zau Tawng Nka, : 
              Petitioner : 
             : 
        v. : No. 1578 C.D. 2015
          : Submitted:  April 22, 2016
Unemployment Compensation : 
Board of Review, : 
              Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: May 12, 2016


Zau Tawng Nka (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) finding Claimant's appeal untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).  Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for

**(Footnote continued on next page…)**

Claimant was employed by ERG Staffing (Employer) and upon suspension filed for unemployment compensation. On April 29, 2015, the Allentown Unemployment Compensation Service Center (Service Center) issued and mailed notices of determination to Claimant denying benefits under Section 402(b) of the Law and also finding him liable for fault overpayment and establishing penalties. The notice also informed Claimant that May 14, 2015, was the last day to appeal the Service Center's determination. Claimant, however, did not mail his appeal until June 8, 2015.

A hearing was scheduled before an Unemployment Compensation Referee (Referee) to determine the appeal's timeliness under Section 501(e) of the Law at which Claimant testified that although he received the determination notice, he failed to appeal it within 15 days because he did not realize that he needed to pay back the overpayments. Finding the appeal untimely and not the result of fraud, a breakdown in the appellate system or non-negligent conduct, the Referee dismissed Claimant's appeal reasoning its provisions are mandatory and that she had no jurisdiction to allow an appeal filed after the expiration of the 15-day statutory period. Claimant appealed to the Board, and the Board issued an order

---

**(continued…)**

> a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

*Id.* (emphasis added). If an appeal is not filed within 15 days of mailing, the determination becomes final and the Board is without jurisdiction to consider the matter. *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

affirming the Referee's dismissal of Claimant's appeal. Claimant then filed this petition for review.[2]

In his petition for review,[3] Claimant does not challenge the Referee's findings of fact. As best as we can determine, Claimant simply asks this Court to permit his appeal because he did not understand the significance in delaying his appeal by several additional weeks. However, this Court has made clear that the 15-day time limit set forth in Section 501(e) of the Law is mandatory and subject to strict application. *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). Although a *nunc pro tunc* appeal may be permitted in extraordinary circumstances, because Claimant does not specifically challenge the Board's findings of fact that his delay was not caused by fraud, a breakdown in the appellate system or non-negligent conduct,[4] these findings are conclusive on appeal. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

---

[2] The Board also filed a motion to strike Claimant's brief and dismiss his appeal because Claimant waived all claims. This court ordered that the motion be decided along with the merits of the case. Because of the way we resolved this matter, we deny the Board's motion to strike.

[3] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

[4] *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008).

Accordingly, because the Board did not err in dismissing Claimant's appeal as untimely, the order of the Board is affirmed.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zau Tawng Nka,                         :
                Petitioner          :
                              :
          v.                          : No. 1578 C.D. 2015
                              :
Unemployment Compensation             :
Board of Review,                       :
                Respondent         :

# **O R D E R**

AND NOW, this 12<u>th</u> day of  <u>May</u>, 2016, it is hereby ordered that the Unemployment Compensation Board of Review's motion to strike Zau Tawng Nka's brief is denied and the Order of the Unemployment Compensation Board of Review dated June 25, 2015, is affirmed.

                                              _____

                                              DAN PELLEGRINI, Senior Judge