IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juermal O. Evans,                               :
                    Petitioner                  :
                                                :
          v.                                    : No. 739 C.D. 2016
                                                : Submitted:  December 16, 2016
Unemployment Compensation                       :
Board of Review,                                :
                    Respondent                  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: January 19, 2017


          Juermal O. Evans (Claimant) petitions *pro se* for review of an order of
the Unemployment Compensation Board of Review (Board) affirming the decision
of an unemployment compensation referee (Referee) finding his appeal untimely
under Section 501(e) of the Unemployment Compensation Law (Law).[1]  Finding
no error in the Board's decision, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e).  Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the
> claimant files an appeal with the board, from the determination
> contained in any notice required to be furnished by the department
> under section five hundred and one (a), (c) and (d), *within fifteen*

**(Footnote continued on next page…)**

Claimant was employed part-time by Erie Bayfront Convention Center (Employer) as a server when she had to take a temporary leave of absence due to medical issues. She was under a doctor's care from January 2015 to September 2015. On September 17, 2015, she notified Employer that she was able and available to return to work; however, the restrictions imposed by her treating physician were so great that Claimant was unable to accept any type of work.

After she applied for benefits, on September 24, 2015, the Erie UC Service Center (Service Center) mailed Claimant a Notice of Determination denying her benefits because she was not able or available for suitable work for the majority of the work week for compensable weeks ending September 12, 2015, or the following week. In that notice, Claimant was informed that October 9, 2015, was the last day to appeal the Service Center's determination. The notice was mailed to Claimant's last known mailing address and there was no evidence that the notice was returned as undeliverable by the post office. Claimant faxed her appeal on January 12, 2016, and a hearing was set to determine the timeliness of her appeal.

---

**(continued…)**

> *calendar days* after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

(Emphasis added). If an appeal is not filed within 15 days of mailing, the determination becomes final and the Board is without jurisdiction to consider the matter. *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

Before the Referee,[2] Claimant testified that the mailing address to which the Service Center mailed the Notice of Determination was accurate but that she did not recall whether she received it around the time that it was mailed. She testified that when she did receive and read through the notice, she did not observe the deadline to appeal. She stated that she called and spoke with someone at the Service Center about the notice and mailed in an appeal *before* the Service Center mailed the notice. However, the Service Center's claim record file shows that the notice was mailed on September 24, 2015, that Claimant spoke with someone at the Service Center on September 28, 2015, and that her appeal was faxed on January 12, 2016.[3]

Finding that Claimant did not present any evidence to establish extenuating circumstances involved in the late filing of her appeal, the Referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law, 43 P.S.

---

[2] During the same hearing, the Referee also heard testimony from Claimant, Jeffrey Esposito, Employer's General Manager, and Penny Stebbins, Employer's Finance Manager regarding another Notice of Determination finding Claimant not financially eligible for benefits based on her application filed in November 2015. Claimant timely appealed that Notice of Determination to the Referee (Referee Appeal No. B-16-09-C-0452) and then to the Board (Board Decision No. B-587509). However, Claimant did not appeal the Board's decision to this Court. As such, although Claimant presents argument regarding this matter in her brief to this Court, the matter is not presently before us and we will not address it. However, we note that where a claimant is ruled both eligible and ineligible for benefits under different sections of the Law, the disqualifying section takes precedence, which would render Claimant's current appeal moot.

[3] R. Item No. 1.

§ 821(e). Claimant appealed to the Board, and the Board affirmed the Referee's decision. This appeal followed.[4]

Claimant contends that her late appeal should be granted because she "was never informed of her rights and responsibilities in a terminology for the common people and therefore [sic] was the responsibility of the customer service representatives to remove those communication barriers so there does not exist any previous bias or unnecessary or intentional confusion which did result. . . ." (Claimant's Brief at 2.)[5]

A *nunc pro tunc* appeal may be granted in extraordinary circumstances involving fraud, administrative breakdown or non-negligent conduct either by a third party or by a claimant. *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). There is no evidence in the record that the wording of the Notice of Determination was misleading to the extent that a reasonable person could not ascertain the date by which to timely appeal. Although Claimant testified that she appealed the determination before it was mailed on September 24, 2015, the Service Center's claim record shows that the determination was mailed on September 24, 2015, and that Claimant called on September 28, 2015, when she was advised that she could file an appeal. Claimant also acknowledged speaking

---

[4] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

[5] Claimant's brief also addresses the merits of the appeal, which we need not address.

to a Service Center representative several days before her appeal needed to be filed, during which time she could have clarified any confusing information.

Accordingly, because Claimant has not made out the burden of justifying a *nunc pro tunc* appeal, the Board properly denied a *nunc pro tunc* appeal, and the Board's order dismissing Claimant's appeal as untimely is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juermal O. Evans,               :
          Petitioner      :
                           :
        v.             : No. 739 C.D. 2016
                           :
Unemployment Compensation  :
Board of Review,           :
          Respondent   :

# **O R D E R**

AND NOW, this 19<u>th</u> day of <u>January</u>, 2017, the order of the Unemployment Compensation Board of Review dated March 21, 2016, at No. B-587510, is affirmed.

_____
DAN PELLEGRINI, Senior Judge