IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Stangler,                                :
                Petitioner       :
                                 :
        v.                               :
                                 :
Unemployment Compensation        :
Board of Review,                         :    1462 C.D. 2023
                Respondent      :    Submitted: April 8, 2025

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: May 9, 2025


        Charles Stangler (Stangler) petitions *pro se* for review from the October 12, 2023, order of the Unemployment Compensation Board of Review (Board). The Board affirmed the referee's September 11, 2023, determination that Stangler's appeal from the ineligibility determination of the Unemployment Compensation (UC) Service Center (Service Center) was untimely. Upon review, we affirm.


## I. Factual and Procedural Background

        On December 21, 2022, Stangler filed a claim for UC benefits as of December 18, 2022. Certified Record (C.R.) at 3.[1] He indicated that he would prefer notice via email and provided an email address. *Id*. at 5. On January 11, 2023, the Service Center notified Stangler that by January 20, 2023, he needed to register for

_____

[1] C.R. references are to electronic pagination.

CareerLink[2] or establish his exemption from registration by providing written notice from his employer (Merck) of his return to work, or he would be deemed ineligible for benefits.[3] *Id*. at 23. The standard notice "encouraged" Stangler to register even if he was exempt or not currently seeking benefits, because if he became unemployed again "in the future" and sought to reopen his claim, his failure to register would make him ineligible. *Id*. Stangler did not register with CareerLink or provide written proof of re-employment, and on January 23, 2023, the Service Center notified him that he was ineligible for benefits after January 22, 2023, 30 days after he filed his application. *Id*. at 26. The record includes confirmation that the January 23 notification was received at Stangler's provided email address. *Id*. at 37.

Stangler did not appeal the January 23, 2023, determination until August 1, 2023, roughly six months after the determination's February 13, 2023, deadline. *See* C.R. at 26 & 41. He did not state in his appeal that he had not received the notices, only that he had not registered for CareerLink in January 2023 because he returned to work within 30 days and did not "need to search for additional work." *Id*. at 41-42. He averred that he was subsequently laid off again for three weeks in July 2023 and was seeking to restore his eligibility in order to receive UC benefits for that time period. *Id*. The record includes screenshots showing that he did register for CareerLink on August 1, 2023. *Id*. at 13. However, according to the relevant

---

[2] CareerLink is "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or successor electronic resources" through which the Department of Labor and Industry provides job search services. 34 Pa. Code § 65.11(a).

[3] The notice did not state how long the ineligibility would last, but case law indicates that the duration is for the benefit year beginning with the initial application. *See Boesch v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 612 C.D. 2016, filed Nov. 3, 2016), slip op. at 7-8, 2016 WL 6541815, at *3 (unreported) (stating that "even though [the claimant] may have returned to work, he was on notice that should he become unemployed again during the same benefit year, he was obligated to complete the registration process in order to obtain benefits").

regulation, 34 Pa. Code § 65.11, which will be discussed below, this was too late for him to be eligible for benefits for the previous weeks in July 2023.

A telephonic hearing, in which the Board did not participate, was held on September 11, 2023. C.R. at 71. Stangler stated that he worked for Merck as a biotechnician earning about $47 per hour. *Id*. at 75. Temporary layoffs in December and January for less than 30 days were an annual occurrence; he had been through 4-5 similar previous layoffs at this job. *Id*. at 75 & 77. This was the basis for his application for UC benefits in December 2022. *Id*. at 76. That layoff lasted from December 18, 2022, through January 16, 2023. *Id*. He received benefits for that period. *Id*.

Stangler testified that after the December 2022-January 2023 layoff period, he did nothing with his UC status because he was back to work. C.R. at 76. He thought that his unemployment was "done" and that he had "nothing that I needed else to do." *Id*. He did not assert during the hearing that he had not received the January 2023 notifications; only that "the reason why I didn't file for the job search or the CareerLink is because I returned to work" and that "there was no reason for me to check unemployment at that time because I was back to work." *See id*.

However, he stated that he was unexpectedly subject to another temporary layoff in July 2023; this was the first time he had been laid off a second time within a year. *Id*. at 76-77. When he tried to file for UC benefits for that time, he did not receive anything and called the Service Center on July 18, 2023. *Id*. At that point, he "went into the unemployment and found that there was this letter that I was disqualified" and that he "didn't realize it even occurred until I spoke with the gentleman from the unemployment office." *Id*. At the hearing, the referee asked: "[Y]ou didn't know you were going to be laid off in July [2023], so you didn't do

3

anything with respect to the disqualification in January [2023]?" *Id*. at 77. Stangler replied: "Yes." *Id*. Stangler further stated that when he called in July 2023, UC personnel told him to provide documentation of his return to work in January 2023, which he did; he also registered for CareerLink on August 1, 2023, but still did not receive benefits. *Id*.

During the hearing, Stangler asked if he could submit additional documentation necessary for his case, and the referee advised that he could keep the record open until the end of the day of the hearing so that Stangler could submit additional documents. C.R. at 74-75. However, the record does not indicate that Stangler submitted further documents.

On September 11, 2023, the referee issued his decision. C.R. at 80-82. The referee found as a fact that Stangler's August 1, 2023, appeal from the Service Center's January 2023 ineligibility determination was untimely and concluded that he had not demonstrated a valid basis for his late appeal to be excused. *Id*. at 81-82. Stangler timely appealed to the Board and asserted for the first time that he never received the January 23, 2023, email notification of his disqualification. *Id*. at 93. He stated that he was attaching a screenshot of his inbox in support of this allegation, but that document does not appear in the certified record. *See id*. In an October 12, 2023, decision, the Board affirmed the referee's determination on the basis that Stangler had not established a sufficient reason to treat his appeal as timely. *Id*. at 105-06. The Board specifically referenced Stangler's testimony to the referee acknowledging that he "wasn't really paying attention after January 16 [of 2023] because he was already back at work." *Id*. at 105. Stangler's request for reconsideration was denied on November 13, 2023, and he timely appealed to this Court. *Id*. at 132.

4

## II. Discussion

The threshold issue before us is the timeliness of Stangler's appeal to the referee from the Service Center's January 2023 ineligibility determination.[4] The Unemployment Compensation Law (UC Law)[5] provides that an appeal to a referee from a Service Center determination must be taken within 21 days of the determination or the determination becomes final. 43 P.S. § 821(e). Failure to timely appeal a determination will deprive the referee of jurisdiction to consider the merits of the appeal. *See Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008).

In certain circumstances, the Board may grant *nunc pro tunc* relief and excuse an untimely appeal. *Id*. at 198. Given the mandatory and jurisdictional nature of the statutory time limit, the petitioner's burden is heavy and limited to three circumstances: the petitioner must show that the agency "engaged in fraudulent behavior," that an administrative breakdown occurred, or that "non-negligent conduct" beyond the petitioner's control caused the late filing. *Id*. The non-negligent conduct may be that of either the petitioner or a third party. *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). The petitioner must show that "extraordinary circumstances" led to the untimeliness and that the request for relief is more than an appeal for "grace or

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008).

[5] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

mere indulgence" from the administrative tribunal or this Court. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

Specific to this appeal, Section 401(b)(1)(i) of the UC Law states that a claimant must register "for employment search services offered by the Pennsylvania CareerLink system or its successor agency within thirty (30) days after initial application for benefits." 43 P.S. § 801(b)(1)(i). However, failure to register timely "is not a *per se* violation that automatically disqualifies a claimant from unemployment compensation." *Dep't of Labor & Indus. v. Unemployment Comp. Bd. of Rev.*, 131 A.3d 597, 600 (Pa. Cmwlth. 2016). The Department of Labor & Industry (Department) may waive this requirement if the claimant demonstrates good cause, which is to be determined on a case-by-case basis. *Id*. at 600-02. However, failure to timely appeal a determination of ineligibility on this basis will render the determination final and deprive the referee of jurisdiction to consider the merits. *See Hessou*, 942 A.2d at 197-98. If a claimant neither registers nor appeals, "the claimant will be ineligible for compensation for any week that ends more than 30 days after the claimant files his application for benefits unless the claimant registers by Sunday of that week."[6] 34 Pa. Code § 65.11(c).

This Court has held that a claimant's combined return to work and mistaken belief that it is not necessary to register with CareerLink in order to preserve eligibility for future benefits within his or her benefit year will not excuse an untimely appeal. *Garcia v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 954 C.D. 2020, filed June 11, 2021), slip op. at 9-12, 2021 WL 2399763, at **4-5

---

[6] In this case, the regulation indicates that Stangler could have registered for CareerLink in early July when he began his second layoff and could have received benefits for those weeks. However, his failure to register until August 1, 2023, meant that he remained ineligible for those weeks.

(Pa. Cmwlth. 2021) (unreported); *Gerber v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1855 C.D. 2017, filed Oct. 12, 2018), slip op. at 6-7, 2018 WL 4940161, at *3 (unreported); *Boesch v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 612 C.D. 2016, filed Nov. 3, 2016), slip op. at 8, 2016 WL 6541815, at *3 (unreported).[7]

Stangler argues in his brief that in July 2023, when he learned from UC Service Center personnel that he needed to provide written proof of his return to work in January 2023 in order to be eligible for benefits during his July 2023 layoff, he uploaded the document on July 19, 2023. Stangler's Br. at 7. He still did not receive benefits, so he called the Service Center again on July 31, 2023, and was told to appeal, which he did on August 1, 2023. *Id.* He stated that throughout the process, he did not receive email notices of disqualification, and when he called the Service Center in July 2023, he was not given the proper instructions to fix the problem and get his benefits. *Id.* at 9. He appended several documents to his brief in support of his assertions, which the Board asked this Court to strike because they had not been submitted to the referee for consideration and inclusion in the certified record. In a single-judge memorandum opinion, this Court struck Stangler's documents other than one document already included in the certified record that confirmed Stangler's temporary layoff by Merck in July 2023 and several pages from the UC handbook, which is publicly available.[8] Memorandum Op., Aug. 19, 2024, at 3-6.

---

[7] We may cite an unreported decision of this Court as persuasive authority. *See* Cmwlth. Ct. Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a) (stating that an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value).

[8] The stricken documents included: a June 30, 2022, memo from Merck advising Stangler and other affected employees of the December 2022-January 2023 layoff; a March 21, 2024,

7

The Board points out in its brief that the certified record includes printed confirmation that the January 23, 2023, notification of ineligibility based on failure to register for CareerLink was received at Stangler's provided email address. Board's Br. at 5-6 (citing C.R. at 37). The Board adds that Stangler did not testify before the referee that he did not receive the January 2023 notice but said only that he stopped paying attention to anything UC-related once he returned to work in January 2023. *Id.* at 7-8. The Board further observes that an unsupported assertion that notice was not received is insufficient to extend the appeal deadline. *Id.* at 7-8 (citing *ATM Corp. of Am. v. Unemployment Comp. Bd. of Rev.*, 892 A.2d 859, 864-65 (Pa. Cmwlth. 2006)). The Board avers that Stangler has not met the heavy burden for relief in this matter. *Id.* at 10.

The record includes the following relevant documents: Stangler's application indicating his preference to receive notices via email; UC documents showing that the January 11, 2023, notice advising him of his need to register for CareerLink and the January 23, 2023, notice advising him of his ineligibility were

---

screenshot from his UC account showing that his failure to register for CareerLink led to a disqualification of his eligibility on January 23, 2023; and a screenshot of his email inbox from March 21, 2024, showing UC emails he received between December 21, 2022, and November 18, 2023. Memorandum Op., Aug. 19, 2024, at 3-6. The screenshot of Stangler's email inbox does not include the January 11, 2023, and January 23, 2023, emails at issue. Stangler's Br. at 29. This Court's memorandum opinion acknowledged that while we generally may not consider evidence outside of an agency's certified record, a material omission or misstatement may be corrected based on submission by a party, stipulation, or court direction. *Id.* at 3-4. The Court declined to do so here because Stangler's answer to the Board's motion to strike stated only that he submitted the email screenshot when he appealed to the Board and that it was, therefore, part of the record. Stangler's Answer to Board's Motion to Strike, at 2. The certified record does not include that document but does include the UC's screenshot confirming the success of its January 23, 2023, disqualification email to Stangler. C.R. at 37. Moreover, as the Board pointed out, Stangler did not testify to the referee that he did not receive the January 2023 notices, only that he "wasn't really paying attention after January 16 [of 2023] because he was already back at work." C.R. at 105.

emailed to the provided address; a screenshot showing that the January 23 ineligibility determination with appeal information was successfully received at the provided address, with the subject heading "disqualifying determination"; and screenshots showing that he did not register until August 1, 2023, six months after he became ineligible and failed to timely appeal that determination. C.R. at 4-5, 13, 23, 26 & 37. Moreover, Stangler did not testify to the referee that he did not receive the notices. He stated that "the reason I didn't file for the job search or the CareerLink is because I returned to work within 30 days." *Id*. at 76. He also testified that when he failed to receive benefits for his unexpected July 2023 layoff and spoke with a UC representative, he "went into" his UC account and "discovered that there was a letter in January [2023] that was disqualifying me for a period of a year, which I didn't realize was there. Because there would be no reason for me to check [UC] at that time because I was back to work." *Id*.

Stangler's allegation in his brief that he did not receive the UC Service Center's emailed January 2023 warning and subsequent ineligibility determination amounts to a claim of administrative breakdown or non-negligent conduct that, if valid, could excuse his admittedly late appeal of the Service Center's ineligibility determination. However, his assertions to this Court are not supported by the administrative record, as set forth above. Also, although Stangler testified that he was told by a UC representative in July 2023 to upload his January 2023 return-to-work letter and did so, that document, which might have supported a "good cause" exemption from the CareerLink registration requirement, is not part of the record and he did not respond or follow up after the referee stated that the record could be kept open until the end of the hearing day for Stangler to submit any additional documents for consideration. *Id*. at 75-76. Ultimately, Stangler has failed to

establish that he did not receive notice of his ineligibility based on his failure to register with CareerLink or that any other facts or circumstances of record here provide a basis for the relief he seeks for his late appeal to the referee.

This case is on all fours with *Garcia*, *Gerber*, and *Boesch*. In *Garcia*, this Court stated:

> [Garcia] offered no evidence establishing that his untimely appeal was caused by fraudulent or negligent conduct by the Department or non-negligent conduct beyond [his] control. *See Hessou*, 942 A.2d at 198. The record shows that the Department did not provide [him] with inaccurate or misleading information regarding the availability, timing, or need to appeal. [His] apparent misunderstanding of the clear language in the Notice is not the Department's error. Rather, the record establishes that [his] late appeal was caused by his misreading of the Notice and his deliberate decision to not pursue an appeal after his return to work. We conclude, based on the evidence of record, that [his] late appeal was not caused by an administrative breakdown, but by his own negligence.

*Garcia*, slip op. at 11-12, 2021 WL 2399763, at *5. Here, similarly, Stangler provided no evidence in support of his allegations. His admitted, although erroneous, belief that he did not have to register for CareerLink to preserve his eligibility for additional UC benefits in 2023 cannot be blamed on the Department. As in *Garcia* and the other cases cited above, Stangler's unexcused untimely appeal meant that the referee lacked jurisdiction to consider the merits of his claims. The referee did not err in so holding and the Board did not err in affirming that determination.

### III. Conclusion

In light of the foregoing, Stangler's appeal was untimely and he did not establish a right to *nunc pro tunc* relief. Accordingly, we affirm the Board's Order upholding Stangler's ineligibility based on his failure to timely register for CareerLink.

_____
CHRISTINE FIZZANO CANNON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Stangler, :
                Petitioner :
                 :
          v. :
                 :
Unemployment Compensation :
Board of Review, : 1462 C.D. 2023
                Respondent :

# **O R D E R**

AND NOW, this 9th day of May, 2025, the October 12, 2023, order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge