628 A.2d 1234

**Marc DELQUADRO, Petitioner,**

**v.**

**CRIME VICTIM'S COMPENSATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1993.

Decided July 9, 1993.

Adam H. Feinstein, for petitioner.

Rosalyn Robinson, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Marc Delquadro (Claimant) appeals from an order of the Crime Victim's Compensation Board (Board) denying Claimant's request for reconsideration of an order denying Claimant's application for benefits. We affirm.

Claimant was injured as a direct result of a crime and filed a claim with the Board requesting medical expenses, out-of-pocket expenses and earnings lost as a result of said crime. In the claim form submitted, Claimant directed that all correspondence be addressed to the Victim/Witness Services of South Philadelphia and indicated that he was not represented by an attorney.

During the processing of the claim, the Board received a letter from Claimant's insurer, the Asbestos Workers Philadelphia Welfare Fund (Fund). The letter denied coverage of Claimant's medical expenses. Claimant's alleged counsel, Bernard Katz, was identified in the letter as "Co–Counsel to the Fund." The Board responded to the Fund's letter by requesting further explanation of the Fund's reasons for denying coverage. In response to this inquiry, Attorney Katz sent the Board a letter which stated that his office had been "directed to act on behalf of the two above-noted claimants"[1] (R. 14) and stated that the Fund was not responsible for Claimant's bills.

The Board then wrote to Attorney Katz requesting verification as to whether he represented the Claimant or the Fund. Attorney Katz's reply did not answer the question, but rather, directed that he be advised of any decision rendered in the case. The Board responded with a letter explaining to attor-

---

1. A second claimant was included on some of the correspondence between the two parties, but is not a party to this action.

ney Katz that because he was not Claimant's counsel, he must make a proper request and submit the appropriate photocopying fees to obtain a copy of any decision.

By order dated January 22, 1992, the Board denied Claimant's claim, based on Section 9(e) of the Crime Victim's Compensation Act (Act) [2], which makes the Board the payor of last resort. The Board concluded that the Fund was responsible for Claimant's medical expenses and therefore, Claimant was not eligible for benefits. A copy of this decision was mailed to Claimant on the same day that it was entered, together with a notice that Claimant had the right to request reconsideration within thirty days. A copy of the decision and notice were not sent to Attorney Katz.

Claimant, through attorney Katz, filed a request for reconsideration on March 12, 1992, which the Board denied because it was filed more than thirty days after the date of the order.

The sole issue on appeal is whether the Board abused its discretion by denying Claimant's request for reconsideration because it was filed more than thirty days after the Board's order.[3]

The extension of a statutory period of time during which an appeal may be taken is justified only where there is fraud or a breakdown in the court's operation through a default of its officers. *Baker v. City of Philadelphia*, 145 Pa.Commonwealth Ct. 421, 603 A.2d 686 (1992). Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace. *Bianco v. Robinson Township*, 125 Pa.Commonwealth Ct. 59, 556 A.2d 993 (1989).

2. Section 9(e) of the Crime Victim's Compensation Act, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 180–7.9(e).

3. Section 180–7.7 of the Act states:
   Within thirty days after receipt of a copy of such report containing a final decision of the board, the claimant or the Attorney General may appeal the final decision of the board in the manner provided for appeals from administrative agencies as provided in the act of June 4, 1945 (P.L. 1388, No. 442), known as the "Administrative Agency Law."

■ Claimant argues that there was a breakdown in the Board's operation which caused the request for reconsideration to be filed more than thirty days after the Board's order. Specifically, Claimant argues that because attorney Katz was not notified by the Board of its decision, he did not receive a copy of the decision until after the thirty day period for requesting reconsideration had passed. Claimant requests that the time for filing be extended, and that the Board be ordered to reconsider the merits of the case.

We begin our analysis by noting that Attorney Katz was never identified as Claimant's counsel. In correspondence between the Board and the Fund, Attorney Katz is identified as "Co–Counsel to the Fund." When requested by the Board to indicate whether he represented Claimant or the Fund, Attorney Katz failed to answer the question. Because Attorney Katz did not advise the Board that he represented Claimant, and did not answer the Board's inquiry as to whom he represented, we conclude that there was no fraud or breakdown in the Board's operation.

Further, the notice informing Claimant that his claim had been denied included the following:

This decision will become final 30 days from its date unless, before the 30 days have passed, you file the enclosed Request for Reconsideration listing the reasons why you believe the Board's decision is wrong in whole or in part.

. . . . .

PLEASE NOTE: YOU HAVE ONLY 30 DAYS IN WHICH TO ASK THE BOARD TO RECONSIDER ITS ORIGINAL DECISION. ACT IMMEDIATELY TO MAKE SURE YOUR REQUEST ARRIVES ON TIME.

(R. 20a emphasis in original).

There is no dispute that Claimant received notice of the decision and the time within which a request for reconsideration must be made. Because there was no fraud or breakdown in the Board's operations, the Board did not abuse its

discretion in refusing to accept Claimant's request for reconsideration.

Accordingly, the order of the Board is affirmed.[4]

## ORDER

AND NOW, July 9, 1993, the order of the Crime Victim's Compensation Board in the above-captioned matter is affirmed.

4.   Claimant raises as a second issue the Board's holding that the Fund is the primary payor; however, based on our disposition of the first issue we need not reach this issue.