[No. A064411. First Dist., Div. Four. June 8, 1994.]

BRUCE ROSENBERG, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
DENISE LYNDA GERMINO, Real Party in Interest.

**COUNSEL**

Gassett, Perry & Frank and Mary E. Wrightson for Petitioner.

No appearance for Respondent.

Mendelson & Mendelson and Steven E. Mendelson for Real Party in Interest.

**OPINION**

**POCHÉ, Acting, P. J.—** ■ This petition for a writ of mandamus raises the question of whether under the California Rules of Court a complaint transmitted by a facsimile machine to a trial court after the court closes to the public for the day is deemed to have been filed that day or the next day the court is open to the public.

## FACTS

On June 29, 1993, at 9:56 p.m., counsel for plaintiff, Denise Lynda Germino, transmitted by facsimile machine (fax) a complaint to the Oakland-Piedmont-Emeryville Municipal Court. It alleged personal injury to

plaintiff resulting from an automobile accident on June 29, 1992, and named petitioner as defendant.

On June 30, 1993, the court clerk informed counsel for plaintiff that because the complaint had been received after 5 p.m. the previous evening it would be deemed to have been filed as of the next day, June 30. Plaintiff applied to the municipal court for an order directing the clerk to file the complaint as of June 29, 1993, and upon denial of the application, plaintiff filed a petition for mandamus in respondent superior court.

Respondent court granted the petition and directed issuance of a peremptory writ of mandamus directing the municipal court to file the complaint as of June 29, 1993. Bruce Rosenberg, named as defendant by the complaint, filed the instant petition in this court and we issued an alternative writ. Respondent superior court then vacated its order. Although that action has rendered the petition moot, the question before us will recur throughout the state. Therefore, we exercise our discretion to retain the matter and decide the issue. (*Davies* v. *Superior Court* (1984) 36 Cal.3d 291, 294 [204 Cal.Rptr. 154, 682 P.2d 349].)

## Discussion

Rules for fax filing and fax service were adopted effective March 1, 1992, by the Judicial Council.[1] Those rules define "facsimile filing" or "filing by fax" to be "the facsimile transmission of a document to a court that accepts such documents." (Cal. Rules of Court, rule 2003(4).) " 'Facsimile transmission' is the transmission of a document by a system that encodes a document into electrical signals, transmits these electrical signals . . . and reconstructs the signals to print a duplicate of the original document . . . ." (Cal. Rules of Court, rule 2003(2).) In other words, the rules define facsimile filing to be the process of electronic transmission of an original document to a court which accepts such documents.

The same rules, however, define *service* by fax as "the transmission of a document to a party or the attorney for a party *pursuant to these rules*." (Cal. Rules of Court, rule 2003(5).) (Italics added.) Thus on the face of these two rules defining respectively the process of filing by fax and service by fax, neither purports to determine the time that such electronic filing or service is effective. However, as we have noted by italicizing, the rule defining fax service incorporates within its definition "pursuant to these rules," and rule

---

[1]The council was specifically directed by the Legislature in 1989 (Stats. 1989, ch. 1100, § 1, pp. 3931-3932) to conduct pilot projects and to recommend appropriate rules to facilitate fax transmission of legal documents. (Code Civ. Proc., § 1012.5; Cal. Rules of Court, rule 2001.)

2008 fulfills that promise by providing that "[s]ervice by fax is complete upon receipt of the entire document by the receiving party's facsimile machine. Service that occurs after 5 p.m. shall be deemed to have occurred on the next court day." (Cal. Rules of Court, rule 2008(d).)

No similar time limit is set out in the rules governing fax filing. (Cal. Rules of Court, rules 2005, 2006.) Plaintiff construes that absence to mean that transmission of a document to a court made after the hour at which the court is closed for filings made in person is still a filing made on that calendar day. In short, plaintiff contends that even though her complaint was transmitted at nearly 10 in the evening, long after the clerk's office was closed for in-person filing, but before midnight on June 29, the complaint must be deemed to have been filed on June 29 rather than the next day upon which the court was open to the public.[2]

Plaintiff relies upon Government Code section 71280.4 which provides that the clerk must endorse a filed document with "the day, month, and year" of its filing. While that requirement is plain on its face, it does not follow that the date to be endorsed by the clerk as the filing date is necessarily the calendar date on which the fax transmission to the court occurred, if at the time of that transmission the court would not have been open for filings made in person. Indeed, the problem before us is created precisely because both the rules on fax filing and the Government Code section on endorsement are silent about court hours.

While the rules on *service* by fax establish a 5 p.m. deadline for documents transmitted to a party or the attorney for a party, the absence of a single statewide deadline for *filings* by fax leaves the matter of time limits to the practice of each court as embodied in its existing rules governing deadlines for filing. Fax filing as defined in the Rules of Court is nothing other than an alternative means of getting documents to the court. Absent statewide directions to the contrary, each court determines when it accepts documents for filing, and it may apply those deadlines created by its existing rules to filings made by fax.

We express no opinion as to whether or not there should be a statewide time deadline embodied in the fax filing rules. We hold only that there is

---

[2]Because June 29, 1993, fell on a Tuesday, the next day the court was regularly open for filing was also the next calendar day. Such would not, of course, be the case for a filing made after the close of public business on a Friday or any day preceding a public holiday.

none as those rules are currently written.[3] Nor do we reach the question of whether it would be violative of equal protection for a court to permit a plaintiff who files a complaint by fax in effect to extend the statute of limitations into the evening beyond the deadline for in-person filing.

The petition is denied.

Perley, J., and Reardon, J., concurred.

---

[3]Such as there is respecting the timeliness of filings for civil law and motion papers. Rule 317, subdivision (d) provides: "A paper submitted before the close of the clerk's office to the public on the day the paper is due is deemed timely filed." (Cal. Rules of Court, rule 317(d).)