659 So.2d 355 (1995)
METROPOLITAN DADE COUNTY, Appellant,
v.
Lazaro VASQUEZ, Appellee.
No. 95-981.
District Court of Appeal of Florida, First District.
June 20, 1995.
Robert A. Ginsburg, Dade County Atty. and Gail Ash Dotson, Asst. County Atty., Miami, for appellant.
Roberto Rigal, Jr., of Levine, Busch, Schnepper & Stein, Miami, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
Metropolitan Dade County seeks review of a final order of the Judge of Compensation Claims (JCC) entered and mailed to the parties on February 15, 1995. Time for filing a notice of appeal therefore expired on Friday, March 17, 1995, but appellant's notice was not filed with the JCC until Monday, March 20, 1995. Appellant was thus directed to show cause why the appeal should not be dismissed as untimely, and shows in response that it forwarded its notice of appeal to a private courier service on March 17, with directions to deliver same to the JCC on that date. However, the courier did not arrive at the building housing the JCC's office until 5:05 p.m. on March 17, and the security guard would not permit her to enter the building or leave the package at the building site. Accordingly, the courier returned on Monday, March 20, and filed the notice of appeal. Appellant thus argues that because the notice of appeal was delivered for filing within the required period, it should be treated as timely to invoke this court's jurisdiction.
Pursuant to an order to show cause why the notice of appeal should not be treated as timely, appellee responds by moving to dismiss, arguing that the notice of appeal was not filed with the JCC within the time required, and that as a consequence, the court lacks jurisdiction and the appeal must be dismissed.
We conclude that the notice of appeal in this case was not timely filed, and that dismissal for lack of jurisdiction is therefore mandated. Appellant's reliance on Sunshine Dodge, Inc. v. Ketchem, 427 So.2d 819 (Fla. *356 5th DCA 1983) is obviously misplaced, since in that case, appellant filed the notice of appeal on the 30th day, albeit after 5:00 p.m. In rejecting appellee's argument that the notice was nonetheless untimely since it was filed "after the close of the business day," the court noted that, "[i]f the Clerk's Office remains open to receive and file the notice and it is in fact filed within the required thirty-day period, as it was here, it is timely." Id. at 820. In this case, however, the courier arrived at the building housing the JCC's office after the close of the business day, and was denied access as a consequence of a reasonable practice based, in part, upon security concerns. A party who waits until the last available day to file its notice of appeal, and who fails to assure that the notice is delivered prior to the close of the business day bears the risk that it will be denied access to file the notice "after hours." The attempt to deliver a notice of appeal under circumstances such as this is not sufficient to invoke the jurisdiction of this court.
Accordingly, this appeal is dismissed for lack of jurisdiction.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.