**Ruth DUMBERTH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2003.

Decided Dec. 10, 2003.

Geoffrey M. Biringer, Harrisburg, for petitioner.

Carol J. Mowery, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, SMITH–RIBNER, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge LEADBETTER.

In this case of first impression, we must decide whether an appeal sent by facsimile transmission that arrived at the receiving fax machine after the close of business on the last day for taking an appeal was "filed" within the meaning of Section 501(e) of the Unemployment Compensation Law (Law).[1] Ruth Dumberth petitions

1. Act of December 5, 1936, Second Ex. Sess, P.L. (1937) 2897, *as amended,* 43 P.S.

§ 821(e). Section 501(e) of the Law provides:

this court to review an order of the Unemployment Compensation Board of Review (Board) that dismissed her appeal as untimely. We reverse and remand.

Dumberth worked for AT & T Wireless Services in its customer service department. AT & T terminated her employment due to excessive tardiness. Dumberth applied for benefits, which the Office of Employment Security (OES) denied. The Notice of Determination, mailed to Dumberth on June 3, 2002, stated in three places that "the final day to appeal this determination is June 18, 2002." The Notice also stated that if an appeal is transmitted by fax, it must be "received by the close of business on the last day to appeal...." Dumberth faxed her appeal to the Lancaster Service Center on June 18, and the Service Center's fax machine marked the papers as received at 5:21 p.m. A Service Center employee stamped the documents as received at 8:15 a.m. the next morning. The referee conducted two hearings, one on August 5, 2002, devoted to the timeliness of the appeal and the other, on August 12, 2002, devoted to the merits of the claim. Thereafter, the referee found, based on Dumberth's testimony, that her attempts to fax the appeal on two occasions earlier in the day had met, on one occasion, with a busy signal and, on the other attempt, unaccountably failed to transmit due to no fault on Dumberth's part. Based on this finding, the referee concluded that the fax transmission was delayed until after 5:00 p.m. due to a breakdown in the administrative process and, therefore, deemed the appeal timely

and awarded benefits. AT & T appealed to the Board, challenging the merits of the referee's decision.

The Board remanded for additional evidence as to timeliness. On January 14, 2003, the referee heard additional testimony in particular from John Mora, a Service Center employee, who explained that the receiving fax machine at the Service Center imprinted the documents Dumberth transmitted with the date and time of receipt as "June 18, 2002 17:21" indicating in military time receipt at 5:21 p.m. on the stated day. Mr. Mora further explained that the Service Center's fax machine also imprinted on the received documents the notation "MOAD SERVICES, INC. TEL NO. 717 545 9406" identifying the sending fax machine and associated fax number. Finally, Mora described the Service Center's hours of operation as follows: "7:00 a.m. until 5:00 p.m. Tuesday through Friday. On Mondays we're open from 7:00 a.m. until 7:00 p.m. Tuesday June 18 we were only open until 5:00 p.m." N.T. 1/14/02 at 10.

Based on all of the evidence regarding timeliness, the Board found that the OES adequately notified Dumberth that her appeal was due no later than the close of the business day on June 18, 2002. The Board specifically found that Dumberth's appeal arrived after the close of business but that its late arrival was not due to any breakdown in the administrative process. Based on these findings, the Board concluded that, inasmuch as the provisions of Section 501(e) of the Law are mandatory, the referee lacked jurisdiction to decide

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

Dumberth's appeal because she filed it after the expiration of the statutory period. Accordingly, the Board vacated the referee's decision. Thereafter, Dumberth filed the present appeal.

■ The Board is the fact-finder in unemployment compensation cases, and has authority to resolve conflicts in the evidence and to make credibility determinations. *Kelly v. Unemployment Comp. Bd. of Review,* 776 A.2d 331 (Pa.Cmwlth. 2001). The Board's findings are conclusive and binding on appeal if supported by substantial evidence. *Id.* Unquestionably, the evidence supports the Board's findings that the Service Center closed for business at 5:00 p.m. on June 18, 2002, the last day on which Dumberth could file a timely appeal, and that the Center's fax machine documented receipt of a faxed appeal from Dumberth at 5:21 p.m.

■ We are confronted only with the issue of law, over which we exercise plenary review, as to whether Dumberth's appeal was timely filed. Initially we note the general rule that, "The appeal provisions of the law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Serv. v. Unemployment Comp. Bd. of Review,* 152 Pa.Cmwlth. 603, 620 A.2d

572, 573 (1993). If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Darroch v. Unemployment Comp. Bd. of Review,* 156 Pa.Cmwlth. 435, 627 A.2d 1235 (1993). Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Delquadro v. Crime Victim's Comp. Bd.,* 157 Pa. Cmwlth. 72, 628 A.2d 1234 (1993). Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review,* 125 Pa.Cmwlth. 466, 557 A.2d 839 (1989).

■ Section 501(e) directs that an appeal must be filed within fifteen days after notice of the decision appealed from is mailed or delivered but the term "filed" is not further defined. 43 P.S. § 821(e). In *George v. Unemployment Comp. Bd. of Review,* 767 A.2d 1124 (Pa.Cmwlth.2001), we explained that:

> How an appeal is to be filed with the Board is set forth in the Department regulations at 34 Pa.Code § 101.82,[2]

---

2. 34 Pa.Code § 101.82 provides, in relevant part, as follows:

(c) Use of the prescribed appeal form is not mandatory to initiate an appeal. The following procedure may be followed:

(1) A written notice specifically advising that the interested party thereby files an appeal or requests a review of decision, delivered or mailed to a representative of the Department or Board, within the prescribed 15–day appeal period, shall constitute an appeal from the decision of the Department and will be processed accordingly without requiring the appellant to complete the appeal form.

(2) A written notice that may reasonably be construed as a request for an appeal, deliv-

ered or mailed to a representative of the Department or Board, within the prescribed 15–day appeal period, advising that the interested party is aggrieved and apparently desires a review of the decision, shall be deemed to initiate an appeal and shall constitute an appeal from the decision of the Department, if the appellant subsequently perfects the appeal by filing a completed form within a reasonable time after instructions for filing the appeal form have been delivered or mailed to him at his last known post office address. (In order to expedite the disposition of claims, the interested party will be requested to return the completed appeal form within 15 days after

which requires that an appeal be "delivered or mailed to a representative of the Department or Board, within the prescribed 15 day appeal period...." If mailed, the appeal is filed as of the date of the official U.S. postmark, 34 Pa.Code § 101.82(d); however, there are no further limitations or restrictions on the means of "delivery" of the appeal.

*Id.* at 1127 (footnote added). Hence, Pennsylvania courts recognize appellants: (1) whose mailed appeal bears an official postmark, which establishes the date of filing; and (2) all others, whose appeals are not considered filed until received. The latter category includes those mailing appeals with a private postage meter mark, those filing appeals by courier or private delivery service, those filing in-person and by facsimile transmission. *Lin v. Unemployment Comp. Bd. of Review,* 558 Pa. 94, 735 A.2d 697 (1999) (mark of private postage meter is not official U.S. postmark, and receipt of appeal one day late is untimely); *UGI Utilities, Inc. v. Unemployment Comp. Bd. of Review,* 776 A.2d 344 (Pa.Cmwlth.2001) (barcode indicating date of mailing but which must be deciphered through testimony is not a "postmark" for purposes of determining filing date); *George* (faxed appeal filed on the date it is acknowledged as received); *Copyright, Inc. v. Unemployment Comp. Bd. of Review,* 739 A.2d 219 (Pa.Cmwlth. 1999) ("postmark" does not include dates recorded on the tracking slips of private delivery services such as United Parcel Service); *Vereb v. Unemployment Comp. Bd. of Review,* 676 A.2d 1290 (Pa.Cmwlth. 1996) (appeal filed late where it bore a private postage meter stamp and was not received before the filing deadline); *Gan-*

*nett Satellite Info. Network, Inc. v. Unemployment Comp. Bd. of Review,* 661 A.2d 502 (Pa.Cmwlth.1995) (when an envelope containing an appeal does not have an official U.S. postmark it must be deemed filed when received); *Moss v. Unemployment Comp. Bd. of Review,* 125 Pa. Cmwlth. 466, 557 A.2d 839 (1989) (hand-delivery of appeal one day late untimely).

In *George,* we were asked to determine what constitutes the "date of filing" where an appeal is transmitted by fax. This court opined:

> that it is apparent from the regulations that for an appeal to be filed by delivery, it must be received by a representative of the Department or Board. 34 Pa. Code § 101.82. Accordingly, where the appeal is transmitted by fax, the date of filing is the date that it is acknowledged as received by a representative of the Department or Board not the date of the fax.

*Id.* at 1128. As with all appeals that are not postmarked, in *George,* we looked for proof of receipt on the face of the document and we recognized that the information regarding transmission time printed by the *sending* fax machine was as capable of manipulation, and therefore as inherently unreliable, as a private postmark. The acknowledgement of receipt required by our court in *George* adhered to the policy articulated by our Supreme Court in *Miller v. Unemployment Comp. Bd. of Review,* 505 Pa. 8, 476 A.2d 364 (1984), that "[i]t must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court [or administrative agen-

instructions for filing the appeal form have been delivered or mailed to him.)
(d) The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written com-

munication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed.

cy]." *Id.* at 13, 476 A.2d at 366. *See also UGI Utilities, Inc.* at 348.

In *George*, we did not require that the appeal be received at a particular time of day. Neither the Law nor the applicable regulations impose any time-of-day restrictions upon a claimant's appeal period. Rather, they expressly grant a right of appeal within fifteen days after notice of the Department's action or decision. As a practical matter, an appellant may find himself under some time restrictions on the last day for appeal due to the business hours at a particular post office or Department office but, if he can make his way to a post office with late hours for a postmark or to a Department office for hand delivery on a day when personnel work late, he can perfect his appeal after 5:00 p.m. We can discern no reason to arbitrarily cut short the time available to Dumberth, who happened to find a Department fax machine turned on and capable of receiving and documenting receipt of her appeal after 5:00 p.m.

 The regulations permit filing by delivery or by mail. 34 Pa.Code § 101.82. As noted in *George*, Black's Law Dictionary defines "delivery" as "the act by which the res or substance thereof is placed within the actual or constructive possession or control of another." *Id.* at 1127–28. In determining whether an appeal has been filed by delivery, the crucial consideration must be whether we can reliably ascertain that the appeal left the appellant's hands and came into the Department's actual or constructive possession prior to midnight on the last day of the appeal period. Here, the Department's fax machine automatically printed the date

and time it received Dumberth's fax, thereby, eliminating any potential for fraud or manipulation on Dumberth's part and establishing on the face of the document the time the Department acquired possession with at least as much reliability as clerical acknowledgement. Moreover, it cannot be argued that receipt by an individual Department employee serves any purpose other than documentation of the time of filing, since appeals postmarked by midnight of the deadline are timely, albeit not yet in the hands of the Department.

In the present case, where the Department's fax machine documented receipt of the fax within the statutory fifteen day period, to deprive Dumberth of her right of appeal by imposing a time-of-day restriction is both arbitrary and in derogation of the statute. Because the Department's imposition of a time-of-day restriction is inconsistent with the express statutory language granting the right to appeal and contrary to the Law's mandated liberal construction in favor of claimants, we accord the Department's interpretation and application of the Law and regulations[3] no deference. *Edwards v. Unemployment Comp. Bd. of Review,* 162 Pa.Cmwlth. 698, 639 A.2d 1279, 1282 n. 3 (1994). We conclude that Dumberth filed her appeal within the time afforded under the Law.

Accordingly, we reverse and remand to the Board for a decision on the merits of the claim.

### ORDER

AND NOW, this 10th day of December, 2003, the order of the Unemployment Compensation Board of Review in the

---

3. As we noted above, the Department's regulations do not impose a time of day requirement. Rather, the limitation historically imposed by the Department appears to have grown out of the practical constraint that existed prior to the advent of electronic filing, to wit, that actual receipt (and documentation thereof) could only occur when an employee was in the office to accept the appeal notice.

above captioned matter is hereby RE-VERSED and REMANDED for decision on the merits of petitioner's claim.

Jurisdiction is relinquished.

DISSENTING OPINION BY Judge SIMPSON.

I respectfully dissent from the thoughtful majority opinion because it makes unemployment compensation appeal deadlines uncertain and it prefers those filing appeals by facsimile transmission over those filing appeals in person, by courier or private delivery service, or by private postage meter.

As noted in the majority opinion, Dumberth was advised that the last day to file an appeal from denial of her unemployment compensation claim was June 18, 2002. She was also advised that if an appeal is transmitted by fax, it must be "received by the close of business on the last day to appeal. . . ." Further, the notice provided that if an appeal is delivered in person, it, too, must be "received by the close of business on the last day to appeal. . . ."

It is undisputed that Dumberth's appeal was not received by the close of business on the last day to appeal. Despite the clear language of the written notice, the majority concludes that the appeal's arrival at the fax machine after public hours is timely, thereby affording jurisdiction.

My departure from the compassionate majority position arises from concerns broader than compensation in this case. First, the suggestion that jurisdiction can be based on the serendipity of "leaving a fax machine turned on and capable of receiving and documenting receipt of her appeal after 5:00 p.m." raises questions of predictability and invites litigation.

More importantly, permitting those with access to facsimile machines to file appeals after public hours works a preference over those mailing appeals with private postage stamp and those filing appeals by private delivery service or in-person. A rational basis for this partiality is not readily apparent. *See Wallace v. Unemployment Comp. Bd. of Review*, 38 Pa.Cmwlth. 342, 393 A.2d 43 (1978) (rational relationship analysis used to decide equal protection issue).

We are compelled to construe a statute in a manner which is constitutional. *Harrington v. Dep't of Transp., Bureau of Driver Licensing*, 563 Pa. 565, 763 A.2d 386 (2000); *Searfoss v. Sch. Dist. of Borough of White Haven*, 397 Pa. 604, 156 A.2d 841 (1959). Given the foregoing concern, an approach that treats all filers of the same class equally is favored.

A similar situation faced the California Court of Appeal in *Rosenberg v. Superior Court*, 25 Cal.App.4th 897, 30 Cal.Rptr.2d 803 (1994). A complaint was transmitted by facsimile machine after the trial court closed to the public. As here, no rule specifically addressed deadlines for filing by fax. The Court held that absent state-wide directions to the contrary, each trial court may determine when it accepts documents for filing, and it may apply deadlines created by existing rules to filings made by fax. As a result of its holding, the Court noted:

> Nor do we reach the question of whether it would be violative of equal protection for a court to permit a plaintiff who files a complaint by fax in effect to extend the statute of limitations beyond the deadline for in-person filing.

*Id.* at 900, 30 Cal.Rptr.2d 803.

Using this analysis, in the absence of uniform rules to the contrary, unemployment authorities may apply existing rules to appeals transmitted by facsimile machine. Therefore, unemployment authorities may treat facsimile-transmitted appeals in the same way they treat in-person appeals, private delivery service appeals

and private postage meter appeals, all of which must be received when the office is open to the public. This approach avoids a constitutional issue. Also, this approach is predictable, thereby discouraging litigation. It is the lawful approach adopted by the unemployment authorities here.[1] Thus, I would affirm.

Judge McGINLEY joins in the dissent.

1. *See also Metro. Dade County v. Vasquez,* 659 So.2d 355 (Fla.App. 1 Dist.1995) (attempt to hand deliver by courier service unemployment compensation appeal five minutes after close of business on last day to file appeal untimely); *St. John's Home v. Cont'l Cas. Co.,* 150 Wis.2d 37, 441 N.W.2d 219 (1989) (to be timely, petition for review must be received by clerk's office before close of business on last day permitted).