IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Lawless,                         :
                    Petitioner          :
                                        :    No.  1318 C.D. 2018
            v.                          :
                                        :    Submitted:  March 15, 2019
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  May 17, 2019


            Joshua Lawless (Claimant) petitions, *pro se*, for review of the August 27,
2018 order of the Unemployment Compensation Board of Review (Board) dismissing
his appeal as untimely pursuant to section 502 of the Unemployment Compensation
Law (Law).[1]

            The facts of this case are not in dispute.  Following his termination from
employment with Ingram Micro CLBT (Employer) for excessive tardiness, Claimant
filed a claim for benefits with his local service center.  (Certified Record (C.R.) at Item
No. 2.)  The local service center concluded that Claimant was ineligible for benefits
under section 402(e) of the Law, 43 P.S. §802(e) (relating to willful misconduct).  (C.R.

---

[1] Section 502 of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.

at Item No. 7.) The local service center found that Claimant had received a verbal warning and two written warnings, including a final written warning, regarding his absences from work and was discharged following his next incident of tardiness. *Id.* Claimant appealed and the matter was assigned to a referee. (C.R. at Item No. 8.) Following a hearing, the referee issued a decision on June 4, 2018, affirming the determination of the local service center that Claimant was ineligible for benefits under section 402(e) of the Law. (C.R. at Item No. 12.)

The referee's decision specifically advised Claimant that he had 15 days, or until June 19, 2018, to file an appeal. *Id.* The referee's decision notified Claimant of the different ways to file an appeal, *i.e.*, by mail, common carrier, fax, or email. *Id.* With respect to appeals filed by email, the referee's decision noted that an appeal filed by email is deemed filed on the date of receipt recorded by the Department of Labor and Industry's electronic transmission system and cautioned that a party filing in this matter risks that an appeal may not be properly or timely filed. *Id.* Before receiving the referee's decision, Claimant had decided to move across the country to California and had already changed his address.[2] (C.R. at Item No. 13.) Indeed, the referee's decision was already at Claimant's new address by the time he arrived in California on June 18, 2018. *Id.* Claimant filed his electronic appeal around 9:45 p.m. Pacific Daylight Time on June 19, 2018, and the same was received by the Department at 12:51 a.m. Eastern Daylight Time on June 20, 2018, as a result of the different time zones. *Id.*

By letter dated June 25, 2018, the Board advised Claimant that his appeal filed on June 20, 2018, was untimely, but that he could request in writing that a hearing be scheduled to allow him the opportunity to set forth reasons why he believes the

---

[2] The record is not clear if Claimant advised the Department of Labor and Industry of a change of address or if he simply filed a forwarding request with the United States Postal Service.

appeal was timely filed. (C.R. at Item No. 15.) By letter dated July 2, 2018, Claimant requested a hearing. (C.R. at Item No. 16.) By order dated July 20, 2018, the Board remanded the matter to the referee and directed that a hearing be scheduled. (C.R. at Item No. 18.)

The referee conducted a hearing on August 9, 2018, during which Claimant testified via telephone. (C.R. at Item No. 20.) Employer did not appear for the hearing. *Id.* Claimant testified that he moved back home to California following the June 4, 2018 hearing before the referee and that he arrived in California on the evening of June 18, 2018. *Id.* Claimant stated that the referee's decision was at his new California address by the time he arrived there. *Id.* Claimant noted that the referee's decision did not specify a time zone in relation to the time for filing an appeal. *Id.* Claimant admitted that he did not file his appeal until approximately 9:45 p.m. Pacific Daylight Time on June 19, 2018. *Id.* Claimant asserted that his appeal should be considered timely because of the failure of the referee's decision to identify a time zone and the fact that it was still June 19, 2018, in California when he filed his appeal. *Id.*

The referee forwarded a transcript of the hearing to the Board, which issued its August 27, 2018 decision dismissing Claimant's appeal as untimely under section section 502 of the Law. (C.R. at Item No. 21.) In its decision, the Board noted that the referee's decision cautioned Claimant that, with respect to electronic filings, the appealing party accepts the risk that the appeal may not be properly or timely filed. *Id.* The Board cited as persuasive Rule 6(a)(4)(A) of the Federal Rules of Civil Procedure (Federal Rules), Fed. R. Civ. P. 6(a)(4)(A), which provides that, with respect to electronic filing, the last day for filing refers to "**midnight in the court's time zone**." *Id.* (emphasis added). Further, the Board stated that Claimant's untimely appeal was

3

not the result of "fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." *Id.* Claimant thereafter filed a petition for review with this Court.

On appeal,[3] Claimant argues that the Board erred in dismissing his appeal as untimely when the referee's decision did not cite a time zone when setting forth the 15-day appeal period. Referencing Rule 6(b)(1)(B) of the Federal Rules, Claimant further argues that his failure to timely file an appeal should be considered "excusable neglect." We disagree with Claimant's arguments.

Section 502 of the Law provides that a party "shall be duly notified . . . of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee." 43 P.S. §822. This Court has previously held that "[a]ppeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence" and even an "appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

Additionally, section 101.82 of the Board's regulations, 34 Pa. Code §101.82, addresses the time period for filing an appeal from the referee's decision and essentially mirrors the appeal rights as set forth at the end of said decision. Specifically, section 101.82(b) discussed the various methods by which a party may file an appeal, and with respect to electronic filings states that "[t]he date of filing is the receipt date

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

4

recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system." 34 Pa. Code §101.82(b)(4). This regulation goes on to state that "[a] party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed." *Id.*

While Claimant in the present case cites the lack of any mention of the time zone with respect to the filing of an appeal, both the referee's decision and the Board's regulations clearly state that when filing electronically, **the date of the Board's receipt of the email** establishes the filing date. Obviously, Claimant was aware that the Board is located in Harrisburg, Pennsylvania, in the Eastern Time zone. Indeed, the referee's decision sets forth the Board's Harrisburg address if filing by traditional mail. Furthermore, Claimant's own submissions to the Board belie his arguments. In his email accompanying his appeal filing that was received by the Board at 12:51 a.m. Eastern Daylight Time on June 20, 2018, Claimant acknowledged that his appeal was untimely, stating, "I do know this is about 45 minutes late but it's 9:45pm here, I am not used to the 3 hour time change." (C.R. at Item No. 13.) Hence, contrary to Claimant's arguments before this Court, he was aware of the filing deadline and the fact that his appeal was untimely at the time he electronically filed the same.

Given Claimant's admitted knowledge of the filing deadline and the fact that he has not set forth any extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct justifying a *nunc pro tunc* appeal, we cannot conclude that the Board erred in dismissing his appeal as untimely.[4]

---

[4] While the Board referenced the Federal Rules in its decision and Claimant seeks to rely on the excusable neglect exception set forth in these rules, these rules are not binding upon the Board or

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

this Court. Instead, we have examined Claimant's arguments relating to excusable neglect under the standards to be applied to a party requesting *nunc pro tunc* relief. This Court has previously noted that such relief may be considered in "limited circumstances" and that "[t]he burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Here, Claimant has not set forth any fraud or manifestly wrong or negligent conduct on the part of the Board, nor has he shown that non-negligent circumstances beyond his control caused the delay. We reiterate that Claimant retrieved the referee's decision in California on June 18, 2018, the day before the appeal deadline, and the record reflects that he was aware of this deadline despite the 3-hour time differential between California and Pennsylvania.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Lawless,                          :
                    Petitioner           :
                                         :   No.  1318 C.D. 2018
        v.                               :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :

## *ORDER*

AND NOW, this 17th day of May, 2019, the order of the Unemployment Compensation Board of Review, dated August 27, 2018, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge