# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Majeed Faheem, :
                 Petitioner :
:
        v. : 1393 C.D. 2023
: SUBMITTED: October 8, 2024
Unemployment Compensation :
Board of Review, :
               Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: November 18, 2024**

Abdul Majeed Faheem, Claimant, petitions for review from the order of the Unemployment Compensation Board of Review, which affirmed the decision of the Referee dismissing Claimant's appeal of a denial of benefits as untimely. We affirm.

Claimant filed an application for Pandemic Unemployment Assistance (PUA) benefits effective March 29, 2020. On September 17, 2021, the unemployment compensation service center issued a notice of determination denying Claimant PUA benefits from November 22, 2020 through September 4, 2021, under Section 2102(a)(3)(A)(ii)(I) of the federal Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9021(a)(3)(A)(ii)(I). The determination was sent to Claimant by email, his preferred method of notification. Certified Record "C.R." at 7. Claimant did not file an appeal of the determination

until September 14, 2022. After a hearing in which Claimant participated, the Referee issued a decision dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law,[1] 43 P.S. § 821(e).

Claimant filed an appeal of the Referee's decision with the Board, which affirmed the Referee's decision. Thereafter, Claimant filed the instant petition for review.

Claimant lists four questions in his brief, none of which involve the timeliness of his appeal from the March 29, 2020 determination. The second of the four questions[2] asks "why [Claimant] did not receive [a] response against [sic] [his] first appeal that [he] filed through email and faxed on April 14, 2020." Claimant's Br. at 22. However, any appeal filed on April 14, 2020 would be well *before* the date Claimant was notified by the Board of the determination denying his claim for PUA benefits. The argument portion of Claimant's brief does not address this issue or any other issue of timeliness. Claimant's Br. at 25.

---

[1] Act of December 5, 1936, P.L. 2897, *as amended*, 43 P.S. § 821(e). Subsection (e) provides that

> [u]nless the claimant . . .files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the department under [S]ection [501(a)], no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [Department of Labor and Industry], with respect to the particular facts set forth in such notice, shall be final and compensation shall be . . . denied in accordance therewith.

43 P.S. § 821(e).

[2] The meaning of Claimant's other three questions is difficult to discern and their relationship to the argument section of Claimant's brief is also unclear. *See* Claimant's Br. at 22-23, 25.

2

The service center issued its determination on September 17, 2021, which meant that Claimant had 21 days to file his appeal, ending October 8, 2021. Claimant did not file an appeal until nearly a year later. The appeal provisions of the Law are mandatory, as we said in *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003); "[i]f an appeal is not filed [timely[3]], it becomes final, and the Board does not have the requisite jurisdiction to consider the matter . . . . Appeal periods, even at the administrative level, are jurisdictional and may not be extended . . . ." Therefore, even "an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Id.*

---

[3] Section 501(e) of the Law was amended by the Act of June 30, 2021, to change the deadline for filing an appeal of a determination from 15 days after delivery to a claimant personally or mailing to his last known post office address to 21 days after the "determination date" provided on the notice issued under Section 501(a), 43 P.S. § 821(a). Subsection (f) was added providing that the notice must be mailed to the claimant's last known post office address or transmitted electronically, as designated by the recipient. 43 P.S. § 821(f). The quoted portion of *Dumberth* references the former version of Section 501(e). *See Dumberth*, 837 A.2d at 681 ("[i]f an appeal is not filed within fifteen days of the mailing of the determination . . . ."). Despite the change in the Law, administrative appeal deadlines are still jurisdictional.

There is no argument in Claimant's brief setting forth a violation of constitutional rights, an error of law, or a failure to support necessary findings of fact with substantial evidence,[4] but merely disagreement with the decision. *See* Claimant's Br. at 25. Thus, we affirm.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[4] The argument portion of a brief must be developed with pertinent discussion of the issues, including citations to relevant authority. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2119(a). When a party fails to satisfy this requirement, the Court is neither obliged, nor even particularly equipped, to develop an argument for them. *Skytop Meadow Cmty. Ass'n, Inc. v. Paige*, 177 A.3d 377, 385 (Pa. Cmwlth. 2017).

We do note with particularity, as the Board points out, that Claimant has not sought *nunc pro tunc* relief before the Board or in his brief to this Court. Thus, any potential request for such relief is waived. *See Lewis v. Unemployment Comp. Bd. of Rev.*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (issues not raised before Board are waived); *Com. v. Johnson*, 985 A2d 915, 924 (Pa. 2009) ("where an appellate brief . . . fails to develop [an] issue[] in any meaningful fashion capable of review, that claim is waived").

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Abdul Majeed Faheem, :
               Petitioner :
                :
      v. : 1393 C.D. 2023
                :
Unemployment Compensation :
Board of Review, :
               Respondent :

# **O R D E R**

AND NOW, this 18th day of November, 2024, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita