# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Efigenia Vazquez,          :
             Petitioner    :
                       :
      v.                   :   No. 1241 C.D. 2023
                       :   SUBMITTED: December 9, 2024
Unemployment Compensation   :
Board of Review,           :
            Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MATTHEW S. WOLF, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED: January 9, 2025**

Efigenia Vazquez, Claimant, petitions for review from the order of the Unemployment Compensation Board of Review, which dismissed as untimely Claimant's appeal of the Referee's decision and order. We affirm.

Claimant applied for unemployment compensation benefits. After benefits were granted, her former employer appealed. A hearing on the appeal was held and Claimant did not appear. On May 5, 2022, the Referee issued a decision finding Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1] The decision was sent to Claimant by her preferred notification method of internal messaging with email notification. There is no evidence that the notification was not delivered. On August 8, 2022—95 days later—Claimant filed an appeal with the Board, which appeared on its face to be late. The Board notified

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

Claimant that her appeal appeared to be untimely and that she must request a hearing on the timeliness issue. Claimant did so, and the Board issued an order remanding the matter to the Referee to take testimony regarding the timeliness of Claimant's appeal. After a continuance was granted at Claimant's request, the remand hearing was held and Claimant failed to appear. The Board issued a decision and order dismissing Claimant's appeal as untimely pursuant to Section 502(a) of the Law, 42 P.S. § 822(a) ("[T]he [R]eferee's decision and the reasons therefor . . . shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, no later than twenty-one days after the 'Decision Date' provided on such decision . . . ."). Thereafter, Claimant petitioned for review with this Court.

Claimant raises two issues, neither of which involve the timeliness of her appeal from the May 5, 2022 decision of the Referee denying benefits.[2] *See* Claimant's Br. at 6.

---

[2] In her Ancillary Petition for Review, Claimant states that she has "experienced numerous challenges in participating fully in the hearings related to my unemployment claim," claiming lack of notification of "the very first hearing" held on the employer's appeal and stating the following with regard to the remand hearing:

> The rescheduled hearing was eventually granted, and the date set for July 20[,] [2023] was acknowledged. However, on July 17th, just three days before the scheduled hearing, I received a payment coupon demanding payment for an overpayment related to my unemployment benefits. This development puzzled me deeply, as I had yet to attend the appeal hearing and therefore had not been given the opportunity to present my side of the story. This sequence of events left me with the impression that the appeal decision had already been made before I was granted the chance to present my case. I strongly believe in the principles of fairness and due process, and I am troubled by the notion that I was denied my right to be heard and question those accusing me. The individual who appeared at the hearing was not [a Human Relations] representative or my

**(Footnote continued on next page…)**

Claimant had 21 days to appeal the decision of the Referee to the Board, 43 P.S. § 822(a), meaning that to be timely any appeal had to be filed by May 26, 2022. She did not appeal until 74 days later. The appeal provisions of the Law are mandatory—as we said in *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003): "If an appeal is not filed [within the period provided] . . . the Board does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended . . . ." *Id.* (citations omitted). Therefore, even "an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Id.*

In light of the foregoing, we affirm.

 

---
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

supervisor, but rather someone from an entirely different position within the organization.

*Id.* However, no argument regarding timeliness is made in Claimant's brief.

The argument portion of a brief must be developed with pertinent discussion of the issues, including citations to relevant authority. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2119(a). When a party fails to satisfy this requirement, the Court is neither obliged, nor even particularly equipped, to develop an argument for them. *Skytop Meadow Cmty. Ass'n, Inc. v. Paige*, 177 A.3d 377, 385 (Pa. Cmwlth. 2017).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Efigenia Vazquez,            :
           Petitioner     :
           :
     v.            : No. 1241 C.D. 2023
           :
Unemployment Compensation     :
Board of Review,            :
           Respondent    :

# **O R D E R**

AND NOW, this 9th day of January, 2025, the decision and order of the Unemployment Compensation Board of Review is AFFIRMED.

 

 

                       _____

                       **BONNIE BRIGANCE LEADBETTER**
                       President Judge Emerita