**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Debra Krigar,                                         :
                   Petitioner     :
                                    :
         v.                                        :   Nos. 1447 – 1453 C.D. 2024
                                    :   SUBMITTED:  February 3, 2026
Unemployment Compensation          :
Board of Review,                              :
                Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                       **FILED:  April 9, 2026**

Petitioner Debra Krigar (Claimant) petitions the Court for review from orders of the Unemployment Compensation Board of Review dismissing her appeals as untimely.  We affirm.

The relevant history of this matter is as follows.  Claimant, then *pro se*, applied for unemployment compensation (UC) benefits in September 2021.  From September 2021 until March 2022, the UC service center (Department) issued seven determinations stating that Claimant was ineligible for unemployment benefits and assessing fraud and fault overpayments and penalties. Claimant at various points filed appeals from each of these determinations.  The seven determinations, listed in the order of appearance in the certified record, are as follows:

(1) a September 13, 2021 Monetary Determination stating that Claimant was financially ineligible for benefits and listing a final date to appeal of September 28, 2021; Claimant did not appeal this determination until December 6, 2021.

(2) a November 18, 2021 Notice of Determination Fraud Overpayment stating that Claimant received $8,112 in UC benefits to which she was not entitled which was subject to repayment and listing a final appeal date of December 9, 2021; Claimant did not appeal this determination until March 31, 2022.

(3) a November 18, 2021 Notice of Determination of Fraud Federal Pandemic UC (FPUC) Benefits Overpayment stating that Claimant received $4,200 in FPUC benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act[1] to which she was not entitled which was subject to repayment and listing a final appeal date of December 9, 2021; Claimant did not appeal this determination until March 31, 2022.

(4) a December 7, 2021 Notice of Determination of 15% Penalty assessing a $1,216.80 penalty on the $8,112 overpaid benefits Claimant received and listing a final appeal date of December 27, 2021; Claimant did not appeal this determination until March 31, 2022.

(5) a March 12, 2022 Notice of Determination of 15% Penalty relating to the FPUC Fraud Overpayment assessing a $630 penalty for the $4,200 in overpaid FPUC benefits and listing a final appeal date of April 4, 2022; Claimant appealed this determination on March 31, 2022.

(6) a November 18, 2021 Disqualifying Determination (Timeliness/Backdating Issue) stating that Claimant did not file for benefits in a timely manner and denying back credit for specific weeks and listing a final appeal date of December 9, 2021; Claimant appealed this determination on December 6, 2021.

---

[1] 15 U.S.C. §§ 9001-9141.

(7) a November 18, 2021 Disqualifying Separation Determination stating that Claimant left employment for personal or other reasons and did not meet eligibility requirements and listing a final appeal date of December 9, 2021; Claimant appealed this determination on December 6, 2021.

Thus, Claimant did not file appeals of the first four determinations listed within the applicable appeal periods and timely appealed the remaining three.

The Referee conducted a hearing on August 23, 2022, at which neither Claimant nor her employer appeared. On August 26, 2022, the Referee issued seven decisions and orders, dismissing the first four appeals as untimely under Section 501(e) of the Unemployment Compensation Law,[2] Certified Record "C.R." at 30-34, 65-68, 99-101, 131-35. Regarding Claimant's timely appeals, the Referee affirmed the determination denying Claimant's request to backdate her claims because there "was no testimony or evidence from the [C]laimant to show that she had good cause for not filing . . . in a timely manner[.]" *Id.* at 201, 203. The Referee affirmed the determination of ineligibility, noting that "Claimant did not appear to offer testimony or evidence," and nothing in the record supported a finding that Claimant had a necessitous and compelling reason for leaving her employment. *Id.* at 293-94. Finally, the Referee affirmed the assessment of penalties because Claimant voluntarily quit her employment and was not entitled to the underlying UC benefits. Thus, Claimant was liable for "15% of the amount of the overpaid benefits she received[.]" C.R. at 165.

All decisions from the Referee advised Claimant that she had to appeal on or before September 15, 2022. Claimant appealed the Referee's decisions to the

---

[2] Section 501(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

3

Board on April 23, 2024, after receiving notice that she owed $13,000 in overpayments and penalties. The Board remanded the matter for a hearing on the issue of timeliness. Claimant, now represented by counsel, admitted that she received and read the Referee's decisions. Because neither party attended the original hearing before the Referee, however, Claimant interpreted the word "dismissed" to mean that she "won" and was entitled to the UC benefits she received. Notes of Testimony "N.T." at 11, C.R. at 401. Claimant further explained that she did not attend the August 23, 2022 hearing because she received a notice that the hearing was continued, but she did not receive a notice with a new hearing date or a phone call from the Referee on the day of the hearing. The Board ultimately dismissed the appeals as untimely and Claimant filed her instant appeal with this Court.

On appeal, Claimant seeks, *inter alia*, nunc pro tunc relief with respect to her failure to timely appeal the Referee's decisions to the Board. Although Claimant raises other issues,[3] the sole issue properly before the Court is whether Claimant is entitled to nunc pro tunc relief so that her other issues may be resolved on the merits by the Board.

Claimant contends that she missed the August 23, 2022 hearing because a new hearing notice was not sent following the issuance of the continuance notice. Claimant asserts that had she appeared at the August 23, 2022 hearing, she would have demonstrated that her appeals from the Department's determinations were

---

[3] Claimant also argues that she had "good cause" for her non-appearance at the August 23, 2022 hearing; that the appeals from the unemployment compensation service center should be deemed timely; that she should be found eligible for benefits; and that her overpayments should be deemed non-fault/non-fraud. Claimant's Br. at 7.

timely and that she was eligible for UC benefits.[4] Claimant reiterates that she read "dismissed" to indicate that "she won" and "no further action was needed." Claimant's Br. at 24-25. In addition, Claimant contends that the Referee would not have included the word "dismissed" in her decisions had Claimant appeared at the hearing. In short, Claimant argues that the Referee's negligence caused her late appeals to the Board.

Under Section 502(a) of the UC Law, a claimant must appeal a Referee's decision "no later than [21] days after the 'Decision Date' provided on such decision." 43 P.S. § 822(a); *see also* 34 Pa. Code §§ 101.82(a), 101.102. At the expiration of the appeal period, the Referee's decision becomes final and the Board's jurisdiction over the appeal ceases to exist. *See Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (citations omitted). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Id.* Therefore, appeals filed after the 21-day appeal period are untimely and must be dismissed by the Board. *Id.*

"However, the Board may consider an untimely appeal in limited circumstances." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citation omitted). These limited circumstances include when the claimant untimely filed the appeal because "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or because of

---

[4] Claimant testified at the remand hearing that some of the appeals of the Department's determinations were timely submitted, N.T. at 12-17, C.R. at 402-407, which is not disputed. However, in the case of those determinations found untimely, there is no explanation either in Claimant's testimony or Claimant's brief as to why those should be deemed timely. At all events, such assertions are not properly before us due to Claimant's failure to appeal the Referee's determinations timely.

5

"non-negligent conduct beyond [the claimant's] control." *Id.* (citations omitted). Because the statutory appeal provisions are mandatory, a claimant bears the heavy burden to establish that one of these limited circumstances exists to allow the Board to consider the untimely appeal. *Id.*; *see also Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) ("[T]he claimant bears a heavy burden to justify an untimely appeal."). Here, there is no dispute that Claimant received all seven decisions from the Referee and that those decisions advised Claimant of the deadlines for filing appeals. Claimant's misunderstanding of the word "dismissed" does not constitute "non-negligent conduct." Although four of the Referee's orders simply state "Claimant's Petition for Appeal is **DISMISSED**[,]" in the pages that precede those orders, the Referee clearly explains that Claimant's appeals were dismissed because they were "late[.]" C.R. at 32-34, 66-68, 100-02, 132-34 (emphasis in original). Further, given that the initial determinations either denied Claimant benefits or assessed penalties for fraud overpayments, Claimant cannot reasonably argue that the dismissal of her appeals meant she won the appeals dismissed as untimely. Moreover, Claimant does not explain how her misunderstanding of the dismissed appeals extended to the remaining appeals, which affirmed the Department's determination that Claimant was ineligible for benefits, that assessed penalties for fraud overpayments, and that denied Claimant's request to backdate her untimely UC claims.

Finally, the Court is not persuaded by Claimant's argument that the alleged administrative breakdown that occurred prior to the Referee issuing her decisions somehow impacted Claimant's ability to file timely appeals thereafter. Claimant cites no support for—and our own research does not disclose authority for—the proposition that there is a "domino theory" whereby litigants may be

6

excused from filing a timely appeal to vindicate their rights because of an ***unrelated*** administrative failure by the agency in question. Any failure by the Referee to provide notice of the continued hearing could have and should have been raised to the Board in a timely appeal. Moreover, any error caused by the Referee's alleged failure to issue a new hearing notice was cured by the Board's remand order. Claimant had the opportunity to present evidence and testimony at the subsequent hearing before the Referee to demonstrate her appeals to the Referee were all timely. To that end, Claimant merely asserted that she timely appealed the November 18, 2021 fraud overpayment Determinations because her fax log indicates she "sent a bunch of appeals at that time." N.T. at 14, C.R. at 404.

In light of the foregoing, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Debra Krigar,  :
                      Petitioner  :
                                  :
         v.                       :  Nos. 1447 – 1453 C.D. 2024
                                  :
Unemployment Compensation         :
Board of Review,                  :
                      Respondent  :

# **O R D E R**

AND NOW, this 9th day of April, 2026, the orders of the Unemployment Compensation Board of Review are AFFIRMED.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita