# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lyne Walke,                      :
             Petitioner        :
                                  :
           v.                   :    No. 762 C.D. 2019
                                  :    Submitted: December 6, 2019
Unemployment Compensation      :
Board of Review,                 :
             Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                **FILED: April 8, 2020**

Lyne Walke (Claimant), proceeding pro se, petitions for review of the May 22, 2019 Order of the Unemployment Compensation Board of Review (Board) that dismissed Claimant's appeal from a Referee's Decision as untimely pursuant to Section 502 of the Unemployment Compensation Law[1] (Law). On appeal, Claimant argues the merits of her underlying unemployment compensation (UC) appeal, while also acknowledging the untimeliness of her appeal to the Board. Claimant explains her untimely appeal was the result of her misunderstanding the Referee's Decision and lack of understanding of the law. The Board responds that Claimant's explanations for the untimeliness of the appeal are insufficient to establish that her

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822 (providing, in relevant part, that a referee's decision "shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision").

appeal should have been considered *nunc pro tunc*. Because Claimant's appeal to the Board was untimely and her explanations do not meet the heavy burden of proving that her appeal should have been considered timely, we are constrained to affirm.

In her brief, Claimant sets forth the full factual background of the merits of her underlying appeal, which relate to determinations finding that she received UC benefits for which she was ineligible due to her engaging in self-employment. However, because the issue before the Court is whether the Board erred in dismissing Claimant's appeal as untimely, we set forth only the facts necessary to resolve this limited issue. On December 7, 2018, the Referee issued a Decision dismissing as untimely Claimant's appeal from determinations that she was ineligible for benefits, and therefore responsible for the overpayment of UC benefits and penalties. The Referee's Decision explained that, to be timely, Claimant's appeal from those determinations had to have been filed by November 6, 2018, but Claimant had not filed her appeal until November 8, 2018. The Referee's Decision ended with the statement that "[t]he claimant's appeal is, therefore, dismissed," and the Referee's order stated "[t]he claimant's Petition for Appeal is **DISMISSED**." (Referee Decision at 2.) The Referee's Decision included two statements reflecting that Claimant's last day to appeal the Decision was December 24, 2018. (*Id.* at 1-2.)

The Referee's Decision was mailed on December 7, 2018, to Claimant at her last known postal address and was not returned as undeliverable. (Board Opinion, Findings of Fact (FOF) ¶¶ 2, 4.) Claimant filed her appeal to the Board by fax on February 5, 2019. (*Id.* ¶ 6.) Claimant explained that she "[d]id not have a full understanding of [the] law and [she] need[ed] a new court date" and that she

2

misunderstood the Referee's Decision. (Petition for Appeal and Appeal Letter to Board, R. Item 10.) The Board advised Claimant of the untimeliness of her appeal, but provided her an opportunity to request a hearing on whether her appeal should be considered timely. (Letter from Board to Claimant, R. Item 11.) Claimant requested a hearing, which was held on April 16, 2019. At the hearing, Claimant acknowledged that she received the Referee's Decision around December 7, 2018, and that when she reviewed that decision and saw the word "dismissed" she thought that "everything[ had] worked out in [her] favor." (Hr'g Tr. at 4-5, R. Item 16.) She testified she did not realize that the Referee's Decision had dismissed her appeal and, had she understood, she would have filed an appeal of that Decision sooner. (*Id.* at 5-6, 9.) According to Claimant, it was not until she received a notice indicating she had an overpayment that she had to repay that she went to a CareerLink counselor, who advised Claimant that her appeal had been dismissed. (*Id.* at 6.) At that point, Claimant faxed her appeal to the Board. (*Id.* at 7.) A representative of the Department of Labor and Industry (Department) appeared at the hearing and testified that Claimant's appeal was not timely filed, a fact admitted by Claimant. (*Id.* at 9.)

On May 22, 2019, the Board issued its decision in which it found as follows. The Referee's Decision was issued and mailed to Claimant at her last known postal address on December 7, 2018, and was not returned as undeliverable. (FOF ¶¶ 1-2, 4.) That Decision advised Claimant she had 15 days to appeal, which would have been December 24, 2018. (*Id.* ¶¶ 3, 5.) Claimant's appeal was not filed until February 5, 2019, and the reason for Claimant's delay was that "she misunderstood the Referee's decision even though it clearly stated that her appeal had been dismissed." (*Id.* ¶¶ 6-7.) There was no evidence that Claimant had been misinformed or misled by any UC "authorities regarding her right or the necessity

3

to appeal." (*Id.* ¶ 8.) Based on these facts, and citing to Section 502's mandatory requirement that an appeal from a referee's decision must be filed within 15 days of the decision, the Board held that Claimant's appeal was untimely. Further, the Board concluded that the untimely "appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." (*Id.* at 2.) For these reasons, the Board dismissed Claimant's appeal from the Referee's Decision as untimely pursuant to Section 502 of the Law. (*Id.*) Claimant now petitions this Court for review.[2]

On appeal, Claimant does not dispute that her appeal to the Board was untimely or argue that she was misled by any UC authorities as to her need to appeal the Referee's Decision. Rather, Claimant explains that when she received the Referee's Decision, she "thought [she had] won the case and it was over" based on her "lack of knowledge and terminology of the law" and her "misread[ing]" and "misunderstand[ing] of the [D]ecision of the Referee." (Claimant's Brief (Br.) at 11, 13.[3]) It was not until Claimant received notice that she needed to repay the overpayment that she inquired about the matter with a CareerLink office, which informed her that her appeal had been dismissed. At that time, Claimant "realized [her] mishap" and filed the appeal. (*Id.* at 13.)

The Board responds that it properly dismissed Claimant's appeal as untimely under Section 502 of the Law, which is jurisdictional. According to the Board, Claimant bears a heavy burden to justify the untimeliness of her appeal, and the

---

[2] "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Review*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006).

[3] Claimant's brief is not paginated so our reference to page numbers is to the physical page of the brief.

explanations that she provided do not meet that heavy burden. Such explanations, the Board argues, do not warrant the grant of *nunc pro tunc* relief because they do not establish non-negligent conduct on the part of Claimant. *See Lee v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1547 C.D. 2018, filed July 19, 2019);[4] *DiBello v. Unemployment Comp. Bd. of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018). Because Claimant's appeal was admittedly untimely and her explanations do not establish that the delay in filing that appeal was the result of non-negligent conduct, the Board asserts its Order should be affirmed.[5]

Section 502 of the Law provides, in relevant part, that "the parties . . . shall be duly notified . . . of the referee's decision, and the reasons therefor, which **shall be deemed the final decision** of the board, **unless an appeal is filed therefrom, within fifteen days** after the date of such decision . . . ." 43 P.S. § 822 (emphasis added). This time limit is also set forth in the Department's regulations. *See* 34 Pa. Code § 101.82(a) ("A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was . . . mailed to [the party] at [the party's] last known post office address."). The courts have held that this 15-day time period is mandatory. *UGI Utils. v. Unemployment Comp. Bd. of Review*, 776 A.2d 344, 347

---

[4] Although *Lee*, an unreported opinion, is not a precedential decision, the Board cites it for its persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b).

[5] In the alternative, the Board argues that Claimant waived the issue by not including it in the Statement of Questions Involved of her brief as set forth by Pennsylvania Rule of Appellate Procedure 2116(a), Pa.R.A.P. 2116(a). This Court may, in its discretion, consider an issue not presented in the Statement of Questions Involved if the party has provided ample notice of the nature of the party's argument. *Izzi v. Workmen's Comp. Appeal Bd. (Century Graphics)*, 654 A.2d 176, 178 n.3 (Pa. Cmwlth. 1995). Claimant's implicit challenge to the Board's dismissal of her appeal as untimely can be gleaned from her brief, and the Board clearly understood those arguments well enough as it addressed the merits thereof in its brief.

(Pa. Cmwlth. 2001). "If an appeal is not filed within . . . [15] days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Id.* Accordingly, an appeal filed even one day after the appeal period expires requires the dismissal of the appeal as untimely. *Id.*

However, an exception to this mandatory rule exists that allows for an untimely appeal to be considered *nunc pro tunc*, or timely, in certain limited situations. "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by **extraordinary** circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008) (emphasis added). Claimant bears "[t]he burden to establish the right to have an untimely appeal considered" and that burden is "considered . . . **a heavy one**." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (emphasis added). In order to meet this burden, the party must prove that "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the party's] control caused the delay." *Id. Nunc pro tunc* relief for non-negligent conduct is generally reserved only for those "unique and compelling cases in which the [petitioner] has clearly established that [the petitioner] attempted to file an appeal, but unforeseeable and unavoidable events precluded [the petitioner] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001).

6

There is no dispute that Claimant's appeal was untimely, and she does not assert that the delay was due to some action by the UC authorities. Thus, in order for her appeal to be considered *nunc pro tunc* she must establish that "non-negligent conduct beyond [Claimant's] control caused the delay." *Hessou*, 942 A.2d at 198. Claimant explains that the delay was due to her misreading and/or misunderstanding of the Referee's Decision and her lack of understanding of the law. While we empathize with Claimant, this Court has previously held that a party's misreading or misunderstanding of a UC determination, document, or the law is not non-negligent conduct.

For example, in *DiBello*, we held that the claimant's failure to carefully read a determination did not warrant the grant of *nunc pro tunc* relief because "[m]isreading a determination is negligent conduct." 197 A.3d at 822. *See also Guy v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 479 C.D. 2019, filed Nov. 13, 2019) (providing that a party's failure to read, or to carefully read, a determination is negligent conduct that does not support the grant of *nunc pro tunc* relief).[6] In *Lee*, we held that a claimant's misunderstanding as to the content of a determination, which was based on his interpretation of the language, was insufficient to warrant *nunc pro tunc* relief because a "misunderstanding [of] a determination does not constitute the requisite extraordinary circumstances for a *nunc pro tunc* appeal." Slip op. at 6. Finally, in *Finney v. Unemployment Compensation Board of Review*, 472 A.2d 752, 753-54 (Pa. Cmwlth. 1984), we held that a claimant's lack of understanding of the law, there the procedures for filing an appeal, "does not excuse a party to an action from [the party's] statutory obligation to file an appeal within the prescribed appeal period."

---

[6] *Guy*, an unreported opinion, is cited for its persuasive, not precedential, value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b).

7

Based on this precedential and persuasive authority, we are unable to allow Claimant's explanations to satisfy the heavy burden of proving that extraordinary circumstances caused the delay in filing her appeal to the Board. *Mountain Home Beagle Media*, 955 A.2d at 487; *Hessou*, 942 A.2d at 198. Further, these explanations do not reflect that Claimant "attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so," which our Supreme Court has described as the type of event that generally would give rise to the grant of *nunc pro tunc* relief. *Criss*, 781 A.2d at 1160. Therefore, Claimant's untimely appeal to the Board cannot be considered *nunc pro tunc*.

While Claimant's situation is unfortunate, "[a]ppeal periods . . . are jurisdictional and may not be extended as a matter of grace or indulgence." *Dumberth*, 837 A.2d at 681. Accordingly, we cannot find that the Board erred in dismissing Claimant's appeal as untimely pursuant to Section 502 of the Law, and we are constrained to affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Lyne Walke,                     :
             Petitioner        :
                            :
          v.                :    No. 762 C.D. 2019
                            :
Unemployment Compensation    :
Board of Review,                :
             Respondent     :

## O R D E R

**NOW**, April 8, 2020, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge