Filed 1/20/22  Wells v. 99 Cents Only Stores CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JUDITH WELLS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>99 CENTS ONLY STORES,<br><br>    Defendant and Respondent. | A161335<br><br>(Alameda County<br>Super. Ct. No. RG19032061) |

Judith Wells appeals from the trial court's dismissal of her personal injury complaint, contending that the court incorrectly concluded that her complaint was filed after the expiration of the statute of limitations.  Because we find no error in the court's ruling, we affirm.

### BACKGROUND

Wells alleges that on August 20, 2017, she was severely injured and required hospitalization and surgery after she tripped and fell over a bread crate at a 99 Cents Only Store.  She asserts causes of action against 99 Cents Only Stores based on negligence and premises liability.  The statute of limitations for her personal injury action was two years (Code Civ. Proc., § 335.1), and it expired on August 20, 2019.

Wells sent her complaint by facsimile transmission to the Alameda County Superior Court at 8:13 p.m. on August 20, 2019,

1

the final day of the limitations period. The clerk of the court processed the filing the next day and stamped the complaint with a filing date of August 21, 2019. Rule 1.8(a)(3) of the Superior Court of Alameda County, Local Rules (rule 1.8(a)(3) or Alameda County rule) provides that "[d]ocuments may be faxed to the court 24 hours a day, although filings received after 4 p.m. or on court holidays or weekends will be deemed filed on the next court day."

After 99 Cents Only Stores demurred to the complaint, the trial court sustained the demurrer because the face of the complaint indicated it was barred by the statute of limitations. (See *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232 [statute of limitations bar may be raised by demurrer where " ' " 'the defect . . . clearly and affirmatively appear[s] on the face of the complaint[.]' " ' "].) However, the court granted leave to amend to give Wells an opportunity to plead around the limitations problem. Wells filed a first amended complaint alleging that her original complaint was timely because she faxed it to the court on the last day of the limitations period. She further asserted that the clerk erred by failing to stamp her complaint with a filing date of August 20, 2019. The court subsequently granted a second demurrer without leave to amend, concluding that, notwithstanding the new allegations, the action was barred by the statute of limitations. Accordingly, the court dismissed her first amended complaint with prejudice.

## DISCUSSION

### A.

In considering Wells's challenge to the trial court's decision granting the demurrer to her first amended complaint, we apply a de novo standard of review, " 'exercising our independent judgement as to whether, as a matter of law, the complaint . . . states a cause of action on any available legal theory.' " (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2021)

2

59 Cal.App.5th 965, 973.) We accept as true the facts alleged in the operative complaint. (*Id.* at p. 969.) With respect to a court's decision not to grant leave to amend, we consider whether the court abused its discretion. (*Long v. Forty Niners Football Co., LLC* (2019) 33 Cal.App.5th 550, 554.)

**B.**

Wells contends that state law requires the court clerk to stamp her complaint with a filing date of August 20, 2019, because she faxed her complaint to the court before midnight on that date. We disagree.

Trial courts may, but are not required to, accept filings by fax. The Code of Civil Procedure provides that "[t]he Judicial Council may adopt rules permitting the filing of papers by facsimile transmission[.]" (Code Civ. Proc., § 1010.5.) The California Rules of Court, in turn, provide that "[a] party may file by fax directly to any court that, by local rule, has provided for direct fax filing." (Cal. Rules of Court, rule 2.304(a).) Under California Rules of Court, rule 2.301(4), " '[f]ax filing' means the fax transmission of a document to a court that accepts such documents."

State law does not specify the filing date for a fax filing received after a court's regular business hours have ended. State law does address the timing of documents *served* by fax or electronically, applying different rules to each. (Compare Cal. Rules of Court, rule 2.306(g) [fax "[s]ervice that is completed after 5 p.m. is deemed to have occurred on the next court day"], with Code Civ. Proc., § 1010.6, subd. (a)(5) ["Any document that is served electronically between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed served on that court day"].)

State law also provides timing rules for some modes of filing, again employing different approaches. For example, "[a]ny document deposited in a court's drop box is deemed to have been deposited for filing on the next court day if . . . [¶] . . . [i]t is deposited on a court day after 4:00 p.m.," unless the local court

3

provides for a later time. (Cal. Rules of Court, rule 2.210(c)(1); see also Cal. Rules of Court, rule 2.210(b) ["[a]ny document deposited in a court's drop box up to and including 4:00 p.m. on a court day is deemed to have been deposited for filing on that day"]; Cal. Rules of Court, rule 3.1300(e) [a motion paper "submitted before the close of the clerk's office to the public on the day the paper is due is deemed timely filed"].) In contrast, "[a]ny document received *electronically* by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day." (Code Civ. Proc., § 1010.6, subd. (b)(3), italics added.)

As explained in *Rosenberg v. Superior Court* (1994) 25 Cal.App.4th 897, 900, "the absence of a single statewide deadline for *filings* by fax leaves the matter of time limits to the practice of each court as embodied in its existing rules governing deadlines for filing. . . . Absent statewide directions to the contrary, each court determines when it accepts documents for filing, and it may apply those deadlines created by its existing rules to filings made by fax."

We therefore reject Wells's contention that the Alameda County rule is preempted by state law. State law expressly confers authority on the local courts to make their own rules governing fax filing (Cal. Rules of Court, rule 2.304(a)), and the Alameda County rule does not conflict with any state rule.[1]

Wells also asserts that the rule concerning electronic filings (Code Civ. Proc., § 1010.6, subd. (b)(3)) renders her fax filing timely. Wells is incorrect. The Code of Civil Procedure treats

---

[1] In support of her preemption argument, Wells cites California Rules of Court, rule 3.20, which provides that "No trial court . . . may enact or enforce any local rule" concerning "pleadings, demurrers, ex parte applications, motions, discovery, provisional remedies, and the form and format of papers." However, Alameda County's rule 1.8(a)(3) on fax filing does not intrude upon these fields.

4

electronic transmission and facsimile transmission as distinct. (See, e.g., Code Civ. Proc., § 1010.6, subd. (a)(2)(A)(i) [providing that "if a document may be served by . . . facsimile transmission, electronic service of the document is not authorized unless" specified requirements are met].)  The procedure for electronic filings in Code of Civil Procedure section 1010.6, subdivision (b)(3) is inapplicable to fax filings.  Instead, the Code of Civil Procedure addresses fax filings in a separate provision, Code of Civil Procedure section 1010.5, and they are subject to a different set of rules.  (See Cal. Rules of Court, rules 2.300, 2.301, 2.302, 2.303, 2.304, 2.305, 2.306.)

Wells incorrectly contends that the Alameda County rule is incompatible with the statute of limitations for personal injury actions (Code Civ. Proc., § 335.1) because she is entitled to two full years (including 24 hours in each day) in which to file her claim.  As the rule for drop box filings reflects (Cal. Rules of Court, rule 2.210(c)(1)), there is no uniform state law requirement that the courts must be open 24 hours a day to process documents for filing or that all documents received by the court after hours must be deemed filed the same day.  Instead, as discussed, each mode of filing is subject to separate rules, and state law confers authority on the local courts to make rules governing fax filings.

Wells fares no better in citing to cases holding that a clerk's office may not refuse to file a complaint based on a technical defect making the filing noncompliant with a local rule.  For example, in *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268 (*Carlson*), the court concluded that the clerk of the court erred by rejecting a complaint that was received by the court within the limitations period but lacked a certificate required by local rule; by the time the defect was corrected, the applicable limitations period had expired.  (*Id.* at pp. 1271, 1276.)  The court held that so long as a document is presented to the court in a form that complies with state law, the clerk has a

5

ministerial duty to file it. (*Id.* at pp. 1270, 1276.) Here, the clerk *did* file the document, and the only question is the proper filing date when a complaint is fax-filed after business hours. That was not the issue in *Carlson*. In any event, *Carlson* states that, "[f]or purposes of the statute of limitations, 'filing' means delivery to the clerk during business hours"—which certainly does not help Wells. (*Id.* at p. 1273.)

Similarly unavailing is Wells's reliance on cases holding that trial courts may not impose dismissal as a sanction for counsel's failure to comply with a local rule. (See, e.g., *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 475 [section 575.2, subdivision (b) prohibits courts from imposing dismissal sanction where noncompliance with local rule is due to attorney negligence].) Here, the court did not dismiss the complaint as a sanction for failure to comply with any local rule. Instead, the court dismissed the complaint because Wells filed it after the statute of limitations had run.

Although Wells asserts that dismissal is a "drastic sanction" and public policy favors resolution of cases on their merits, it is in the nature of statutes of limitations that untimely complaints ordinarily result in dismissal. (See *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1561 ["Statutes of limitations are generally regarded as inflexible, and are ' " ' upheld and enforced regardless of personal hardship' " ' " ].) However, equitable tolling of a limitations period may be available " ' "to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." ' " (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 724-725 (*Saint Francis*).) We turn to this issue next.

## C.

Wells argues that equitable tolling precludes her complaint from being dismissed as untimely. However, her complaint fails to allege facts that satisfy the elements of equitable tolling.

6

Equitable tolling is a judge-made doctrine that "applies 'occasionally and in special situations' to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.' " (*Saint Francis*, *supra*, 9 Cal.5th at p. 719.) The parties agree the doctrine is available in cases involving the two-year limitations period in section 335.1. (See, e.g., *Marcario v. County of Orange* (2007) 155 Cal.App.4th 397, 407-409.)

The three requisite elements for equitable tolling are " '[(1)] timely notice, and [(2)] lack of prejudice, to the defendant, and [(3)] reasonable and good faith conduct on the part of the plaintiff.' " (*Saint Francis*, *supra*, 9 Cal.5th at p. 724.) When, as here, "a claim is time-barred on its face, the plaintiff" bears the burden of "specifically plead[ing] facts that would support equitable tolling." (*Long v. Forty Niners Football Co., LLC*, *supra*, 33 Cal.App.5th at p. 555.)

Wells fails to meet her burden of establishing the applicability of equitable tolling. Contrary to 99 Cents Only Stores' contention, to satisfy the notice requirement Wells was not required to plead that she had filed another claim within the limitations period (see *Saint Francis*, *supra*, 9 Cal.5th at p. 726). However, her first amended complaint did not plead any facts at all indicating that 99 Cents Only Stores received timely notice of her claims or her plan to litigate. The complaint alleged that the original complaint and summons were faxed to the court at 8:13 p.m. on the last day of the limitations period. There is no allegation suggesting that 99 Cents Only Stores somehow received the summons that same day, or that Wells had otherwise provided notice prior to the expiration of the limitations period, such as by communicating with corporate counsel. (See, e.g., *Saint Francis*, *supra*, 9 Cal.5th at p. 727 [plaintiff's communications with defense counsel, together with other actions, provided timely notice to defendants for purposes of equitable tolling].) Indeed, in her briefs, Wells makes no

7

attempt to explain how the facts alleged in the complaint satisfy the requirements for equitable tolling.  Neither does she assert any new facts that she could allege to establish equitable tolling if she were granted leave to amend her complaint.  (See *Saint Francis Memorial Hospital v. State Dept. of Public Health, supra,* 59 Cal.App.5th at p. 974 [" '[i]t is the plaintiff's burden on appeal to show in what manner it would be possible to amend a complaint to change the legal effect of the pleading[.]' "].)

We therefore conclude that the trial court did not err in sustaining the demurrer without leave to amend.

**DISPOSITION**

The judgment is affirmed.

 
_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

NEEDHAM, J.

A161335